Jack G. KENNEDY, Relator,

v.

The Honorable C.J. EDEN,
Judge, Respondent.

No. D–2025.

Supreme Court of Texas.

Sept. 16, 1992.

Jack G. Kennedy, Sherman, for relator.

William G. Thompson, C.J. Eden, Breckenridge, for respondent.

ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

This is an original mandamus proceeding. Relator's notices to depose plaintiffs in the underlying litigation stated that a certain Joe Beard might be in attendance. Plaintiffs' counsel moved for protection, requesting under Rule 614, TEX.R.CIV.EVID., that Beard be prohibited from attending the depositions. On November 1, 1991, the trial court granted the motion and ordered:

> that because plaintiffs have invoked Rule 614 of the Texas Rules of Evidence as to Joe Beard, the said Joe Beard is prohibited from attending the plaintiffs' depositions, *and is hereby instructed by the Court that he is not to converse with other witnesses or any other person about the case, other than the attorney of record, and is not to read any report, or comment upon the testimony in the case, under this Rule ....*

(Emphasis added.) Relator requests that the trial court be directed to withdraw the italicized language from its order.

The trial court clearly abused its discretion in issuing so broad an instruction in these circumstances. The italicized language was not requested by plaintiffs' motion for protection. It is perpetual in duration. Taken literally, Beard can never talk to anyone about the underlying litigation as long as the order remains in effect. If the trial court was authorized to issue such an instruction, an issue on which we express no opinion here, there is nothing before us to suggest that it was justified in these circumstances. *See Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990) (party seeking protective order must prove "particular, specific and demonstrable injury").

There is no adequate legal remedy from such an order. Any attempt to appeal would necessarily abide a final disposition

of the case. Meanwhile, Beard would be restrained in his speech by the court's instruction. The harm thus suffered could not be repaired on appeal.

Relator raises other issues which we have concluded are either moot or without merit. Accordingly, a majority of the Court grants relator's motion for leave to file petition for writ of mandamus and, without hearing oral argument, conditionally grants the petition and directs respondent to vacate that portion of his order italicized above. TEX.R.APP.P. 122. We are confident respondent will promptly comply, and our writ will issue only if he does not.