Teresa **BURRHUS**, Individually, as Parent and Next Friend of Christiana Burrhus, and as Representative of the Estate of Terralle A. Burrhus, Appellant,

v.

**M&S SUPPLY, INC.**, Appellee.

No. 04–94–00196–CV.

Court of Appeals of Texas, San Antonio.

Sept. 18, 1996.

Rehearing Overruled Oct. 23, 1996.

Gerald Y. Drought, Vincent A. Notzon, Martin, Drought & Torres, Inc., San Antonio, for appellant.

Frank E. Perez, Frank Perez & Associates, Brownsville, Will W. Pierson, Myra K. Morris, Royston, Rayzor, Vickery & Williams, L.L.P., Corpus Christi, Jan Ferguson, The Texas Property & Casualty Insurance Guaranty, Austin, Kelley G. Loud, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

The principle issue presented by this appeal is one of first impression—whether a trial court is required to exclude the testimony of a party's expert witness when the party fails to give notice that its expert will attend the deposition of the opposing party's expert. We hold that, while notice is required by Rule 200(2)(a), TEX.R.CIV.P,[1] the trial court acted within its discretion in denying the motion to exclude the expert's testimony in this case. We therefore affirm ·the judgment.

---

1. All rule references are to the Texas Rules of Civil Procedure unless otherwise noted.

## FACTS

On September 6, 1990, Terralle Burrhus was killed in a gas explosion at a drilling rig controlled by L. Texas Petroleum, Inc. Terralle's widow, Teresa Burrhus, filed wrongful death and survivor actions against L. Texas and Penrod Drilling Company, the supplier of the rig. Before trial, the case settled; together, L. Texas and Penrod paid Burrhus $4.7 million in exchange for full releases of liability. Both releases purported to reserve Burrhus's claims against other parties that might be partially responsible for her husband's death.

After settling with L. Texas and Penrod, Burrhus sued M&S Machine Supply, alleging that an improper weld by M&S caused the explosion and Mr. Burrhus's death. During the ensuing two-week trial, Burrhus's settlement with L. Texas and Penrod was revealed through the testimony of Burrhus's attorney in both suits. The jury returned a verdict finding that L. Texas's negligence was the sole cause of Mr. Burrhus's death, and the trial court entered a take-nothing judgment against Burrhus. She now appeals, alleging the trial court erred in permitting M&S's expert to testify and in denying her motion for new trial because the evidence is factually insufficient to support the jury's finding that M&S was not negligent.

## FAILURE TO EXCLUDE M&S's EXPERT

In her first three points of error, Burrhus argues that the trial court erred in permitting M&S's expert, Edward Ziegler, to testify because he attended the deposition of Burrhus's expert without the notice required by Rule 200(2)(a), TEX.R.CIV.P. While we agree with Burrhus that Rule 200(2)(a) requires notice that an expert witness will attend the deposition of another witness, we hold that the trial court acted within its discretion in denying her motion to exclude M&S's expert as a sanction for M&S's failure to comply with Rule 200(2)(a)'s notice requirement, if it did.

### Standard of Review

■ In her first point of error, Burrhus complains that the trial court erred in failing to exclude Ziegler as a sanction for violation of Rule 200(2)(a)'s notice requirement. The trial court's ruling on a motion to exclude a witness for violation of "the Rule" is reviewed on an abuse of discretion standard. *Cf. Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 647–48 (Tex.1965) (abuse of discretion of standard applies in the context of excluding a witness because of a violation of Rule 267, TEX.R.CIV.P., and Rule 614, TEX.R.CIV.EVID., during trial). The abuse of discretion standard also applies to a trial court's evidentiary rulings, whether complained of by objection at trial or through a motion for new trial, the subject of Burrhus's third point of error. W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals,* 24 ST. MARY'S L.J. 1041, 1118–19 (1993). However, with respect to questions of law, the trial court has no discretion; accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

■ In her second point of error, Burrhus argues that the trial court erred in finding, if it did, that M&S complied with Rule 200(2)(a)'s notice requirement. With respect to this complaint, which rests upon the resolution of a fact issue, Burrhus "must establish that the trial court could reasonably have reached only one decision." *Id.* at 839–40.

### Waiver by Failing to Timely Object and Obtain Ruling at Trial

M&S first contends that Burrhus waived the error of which she complains by failing to timely object to Ziegler's testifying and by failing to obtain a ruling on her objection during trial. We disagree.

The record establishes that Burrhus's motion to strike Ziegler was filed before trial on July 9, 1993. In this motion, Burrhus alleges that M&S appeared for the deposition of Burrhus's expert, Ron Britton, on June 22, 1993, accompanied by M&S's expert, Ed Ziegler. The motion further states that Burrhus's attorney objected to Ziegler's presence pursuant to Rule 267, TEX.R.CIV.P., and Rule 614, TEX.R.CIV.EVID., both of which provide for the sequestration of witnesses dur-

ing trial. Burrhus's motion goes on to argue that M&S was required to give notice that Ziegler would attend Britton's deposition; M&S failed to give the required notice; and an appropriate sanction for this violation of the rules would be the exclusion of Ziegler's testimony at trial.

Just prior to trial, on July 19, the trial court heard Burrhus's motion to strike. During this hearing, Burrhus's attorney argued that notice was required, and he stated that the required notice was not given in the deposition notice or orally to his legal assistant. M&S's counsel responded that a letter was sent on June 11, approximately eleven days before Britton's deposition, and this letter notified Burrhus's counsel that Ziegler would attend Britton's deposition. When the trial judge inquired whether the address on the June 11 letter was that of Burrhus's counsel, Burrhus's counsel answered that it was and indicated he would like to withdraw his motion to strike and refile it if he determined the letter was not received. The trial judge then stated that he would allow Ziegler to testify.

■ On August 2, 1993, before Ziegler testified, Burrhus filed a motion to reconsider her motion to strike. In this motion, Burrhus asserted that the June 11 letter had not been received. This motion was supported by a copy of the unsigned June 11 letter and the affidavit of Burrhus's counsel's legal assistant, who testified that she had not discussed Ziegler's attendance at Britton's deposition with M&S's counsel. This motion to reconsider was urged by Burrhus's counsel immediately before Ziegler was called to testify, and at that time he represented to the trial court that he had not received the June 11 letter. Although the trial judge never expressly ruled on this motion, he orally granted Burrhus's counsel permission to make a bill of exceptions and admitted into evidence for that purpose the June 11 letter and the affidavit referenced above.[2] At the conclusion of this "bill," and without further objection by Burrhus's counsel, Ziegler was called and permitted to testify.

Rule 52(a), Tex.R.App.P., provides that "to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make" and "obtain a ruling upon the party's request, objection, or motion." With respect to the timeliness issue, the supreme court has held that a pretrial sanctions motion, heard and ruled upon the day before trial begins, does not preserve the error in permitting an undesignated witness to testify; rather, the opposing party is required to "object when the testimony or evidence is offered at trial." *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990). Relying upon the rule enunciated in *Clark*, M&S argues that Burrhus waived her complaint by failing to object at the time Ziegler was called to testify.

■ We believe *Clark* is distinguishable from this case because there the opposing party did not renew his objection at any point during trial; therefore, the trial court was deprived of the "opportunity to review and correct" its earlier ruling. *Id.* In this case, on the other hand, the trial court was afforded an opportunity to revisit its earlier ruling when Burrhus renewed her objection to Ziegler immediately before he was called to testify; at that time, Burrhus reiterated that Ziegler should be excluded as a sanction for M&S's violation of Rule 200(2)(a)'s notice requirement. This second request meets the concern expressed in *Clark* and satisfies the first prong of the preservation test. We therefore reject M&S's argument that the claimed error was waived by the failure to voice the same objection and request at the moment Ziegler was called. *See Klekar v. Southern Pacific Transp. Co.*, 874 S.W.2d 818, 824–25 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

We also reject M&S's argument that Burrhus failed to obtain a ruling. While the record is less than clear in many respects, including whether Burrhus in fact withdrew

---

**2.** We note that a bill of exceptions is generally used to preserve error as to the exclusion of evidence, not its admission. *See* Tex.R.App.P.

52(b). However, this procedural irregularity is of no consequence to a proper analysis of the issues presented by Burrhus's appeal.

her motion to strike during the pretrial hearing, it nonetheless establishes that the trial judge understood that Burrhus was requesting that Ziegler be excluded as a sanction for M&S's violation of Rule 200(2)(a) and that he denied her request expressly in the pretrial hearing and implicitly immediately before Ziegler was called. We therefore hold that Burrhus preserved the right to appellate review of the trial court's denial of her motion to strike Ziegler.

### Rule 200(2)(a)'s Notice Requirement

M&S next argues that the notice requirement in Rule 200(2)(a) does not, as a matter of law, apply to expert witnesses. Again, we disagree.

Effective September 1, 1990, Rule 200(2)(a) was amended to provide:

> The [deposition] notice shall also state the identity of persons who will attend other than the witness, parties, spouses of parties, counsel, employees of counsel, and the officer taking the deposition. If any party intends to have any other person attend, that party must give reasonable notice to all parties of the identity of such other persons.

TEX.R.CIV.P. 200(2)(a). Burrhus argues that an expert witness is not among those listed and, therefore, notice is required. M&S counters that, as a matter of law, the notice requirement does not apply to experts because they are considered persons whose presence has been shown to be "essential to the presentation of the cause" under Rule 267, TEX.R.CIV.P., and Rule 614, TEX.R.CIV. EVID.

In support of her argument, Burrhus cites *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645 (Tex.1965) and *Kennedy v. Eden*, 837 S.W.2d 98 (Tex.1992). Burrhus's reliance on these cases is misplaced. Neither case considers or decides whether Rule 200(2)(a)'s notice requirement applies to a party's expert. Likewise inapposite are *Elbar, Inc. v. Claussen*, 774 S.W.2d 45, 51–52 (Tex.App.—Dallas 1989, writ dism'd), and *Triton Oil & Gas Corp. v. E.W. Moran Drilling Co.*, 509 S.W.2d 678, 684–85 (Tex.Civ. App.—Fort Worth 1974, writ ref'd n.r.e.), cited by M&S. Both of these cases involve

Rule 267, TEX.R.CIV.P., and Rule 614, TEX. R.CIV.EVID., by which "the Rule" is invoked during trial. Both Rule 267 and Rule 614 expressly exempt from their operation "a person whose presence is shown by a party to be essential to the presentation of [his] cause." The notice requirement in Rule 200(2)(a) does not include this exemption.

In short, neither party has cited, and we have been unable to find, any Texas case involving whether a party's expert is encompassed by the notice requirement in Rule 200(2)(a). We are not, however, without guidance as to the proper interpretation of the rule. Both the plain meaning of the amendment and its history support Burrhus's interpretation.

The rules of procedure have the same force and effect, and should be construed in much the same manner, as statutes. *See Missouri Pacific R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973); *GTE Communications Systems v. Curry*, 819 S.W.2d 652, 653 (Tex.App.—San Antonio 1991, orig. proceeding). Accordingly, rules that are specific and clear are given their plain meaning unless a literal interpretation would produce an absurd result or defeat the intent of the enacting body. *Owens–Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 733 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd); *see also, e.g., R.K. v. Ramirez*, 887 S.W.2d 836, 841 n. 6 (Tex.1994) (referencing minutes of Supreme Court Advisory Committee in interpreting Rules 509 and 510, TEX.R.CIV.EVID.). And we must always be governed in our interpretations of the rules by the mandate of Rule 1, TEX.R.CIV.P. *See, e.g., Smirl v. Globe Labs., Inc.*, 144 Tex. 41, 188 S.W.2d 676, 678 (1945).

Rule 200(2)(a) contains only one exemption that might conceivably exempt expert witnesses from its operation—the exemption for "employees of counsel"—and then only if "employee" is given an expansive interpretation. However, both a literal interpretation of the term "employee" and the amendment's history indicate that this exemption was not intended to encompass an expert witness who is an independent contractor, rather than an employee. *See* WEBSTER'S THIRD

INTERNATIONAL DICTIONARY 743 (3d ed. 1981) ("employee" is "one employed by another usu. in a position below the executive level and usu. for wages" or "any worker who is under wages or salary to an employer and who is not excluded by agreement from consideration as such a worker"); Minutes of the Supreme Court Advisory Committee 533 (May 26–27, 1989) (in proposing the language that was ultimately adopted by the supreme court, the chairman of the committee expressly stated that he was "using 'employees' in the strict sense" and was "talking about ... paralegals, somebody that's on your payroll")[3]; *see also id.* at 533–39; Minutes of the Supreme Court Advisory Committee 63–64 (Feb. 16, 1990) (supreme court's liaison to the committee summarizes the extensive debate on proposed amendment).

 In light of the plain meaning and history of Rule 200(2)(a)'s notice requirement, we hold that a party is required to give notice that an expert witness who is an independent contractor, rather than an employee of counsel, will attend the deposition of another witness. M&S was thus required to give notice to Burrhus that Ziegler would attend Britton's deposition.

### Waiver by Failing to File and Obtain Ruling on Motion for Protective Order

M&S next argues that Burrhus waived any error in the admission of Ziegler's testimony by failing to file and obtain a ruling on a motion for a protective order seeking to exclude Ziegler from the deposition. *See Kennedy,* 837 S.W.2d at 98. Burrhus counters that she was not required to take these steps because M&S failed to provide the notice required by Rule 200(2)(a).

While Rule 200(2)(a) requires notice, it makes no provision for contesting either the adequacy of a notice or the attendance of a non-exempted person. The history of the

rule makes clear, however, that the drafters of the rule intended that once proper notice was given, the non-exempted person named in the notice could attend the deposition unless the objecting party obtained a protective order precluding the non-exempted person's attendance. Minutes of the Supreme Court Advisory Committee 540–41 (May 26–27, 1989); Minutes of the Supreme Court Advisory Committee 71 (Feb. 16, 1990); *see also Kennedy,* 837 S.W.2d at 98. Accordingly, if M&S timely and properly notified Burrhus that Ziegler would attend the deposition, we believe it was incumbent upon Burrhus to obtain a protective order.

 Burrhus first argues that the required notice was not given because it was not contained in the notice of Britton's deposition—a point M&S conceded at trial. *See* TEX.R.CIV.P. 200(2)(a) ("The notice shall also state...."). We reject this argument. To accept it would, we believe, promote form over substance in violation of the letter and spirit of Rule 1, TEX.R.CIV.P, and defeat the underlying purpose of the notice requirement, which was not to mandate a particular type of notice but to ensure that notice was timely given.

 Burrhus next argues that notice was not given because the record establishes that she did not receive M&S's June 11 letter. Our review of the record, however, establishes that the only "evidence" presented on the issue of the June 11 letter was M&S's counsel's unsworn and unobjected-to testimony that it was "sent" approximately eleven days before the deposition, and the unsworn and unobjected-to testimony of Burrhus's counsel that it was not received.[4] Neither side presented the trial court with any sworn testimony, verified assertions, or documentary proof (other than the unsigned June 11 letter) either as to the mailing of the June

---

3. Minutes of the Supreme Court Advisory Committee meetings may be obtained from the State Law Library.

4. We recognize that this court has previously held that a trial court "could" consider an attorney's unsworn testimony as evidence if the ad-

ministration of the oath is waived by the failure to object. *Fullenwider v. American Guarantee & Liability Ins. Co.,* 821 S.W.2d 658, 662 (Tex. App.—San Antonio 1991, writ denied). We do not, however, interpret *Fullenwider* as requiring the trial court to do so.

11 letter or to its non-receipt.[5] Moreover, no finding on the notice issue was requested or made. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 850 (Tex.1992); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 n. 9 (Tex.1991, orig.proceeding).

Under these circumstances, we conclude that, while M&S has failed to provide this court with a record showing the error was waived, Burrhus has likewise failed to present this court with a record showing reversible error as to a finding that the notice was given. *See* Tex.R.App.P. 50(d). We therefore overrule Burrhus's second point of error complaining that the trial court erred to the extent it found notice was given. However, even if we assume the requisite notice was not sent, as Burrhus contends, we nonetheless cannot conclude that the trial court abused its discretion in refusing to exclude Ziegler.

### Sanctions for Violating Rule 200(2)(a)'s Notice Requirement

 Neither Rule 200(2)(a) nor Rule 215 specifies a sanction or a range of sanctions available for a violation of the notice requirement. However, the overarching principle governing sanctions is that "[a] permissible sanction should … be no more severe than required to satisfy legitimate purposes." *Blackmon,* 841 S.W.2d at 849. These legitimate purposes "are threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants from similar misconduct; and 3) to punish violators." *Id.* "Sanctions that by their severity, prevent a decision on the merits of a case cannot be justified 'absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules.' " *Id.* (quoting *TransAmerican,* 811 S.W.2d at 918).

Given these general rules, an appropriate sanction for a violation of Rule 200(2)(a)'s notice requirement might well range from quashing the deposition, requiring that it be properly noticed, and assessing costs to excluding the testimony of the non-exempted

and unnoticed witness in extreme cases evidencing bad faith or callous disregard. In this case, however, we are not called upon to determine whether a given sanction was appropriate. Rather, Burrhus argues, in reliance upon *Johnson,* 389 S.W.2d at 647–48, that the trial court was effectively required to exclude Ziegler as a sanction for the alleged violation of Rule 200(2)(a). We disagree. *Johnson* is distinguishable in several material respects and does not, in any event, require exclusion but merely permits it in circumstances not present in this case.

In *Johnson,* the plaintiff sued Southwestern Bell and its employee, James Cozart, for damages sustained by Johnson when he was struck by a truck belonging to Southwestern Bell and being driven by Cozart. *Id.* at 647. Before trial, Johnson invoked "the Rule," Tex.R.Civ.P. 267. *Id.* at 646. However, Johnson's investigator, Ray Blakely, was not placed under the Rule and remained in the courtroom during the presentation of the evidence. *Id.* As the case developed, it appeared that its proper resolution would turn upon the credibility of an independent witness, Cecil Watson. Watson testified that Cozart had not climbed a nearby telephone pole—a material fact relating to foreseeability—thus disagreeing with Johnson and agreeing with Cozart. *Id.* at 647. In response to Watson's testimony, Cozart called Blakely to testify that he had covertly tape recorded his conversation with Watson, and Watson had said during that conversation that Cozart had climbed the pole. *Id.* Bell and Cozart objected because Blakely had not been placed under the Rule. *Id.* The trial court sustained the objection and refused to allow Blakely to testify. *Id.* The jury found that Cozart was not negligent, and the trial court rendered judgment that Johnson take nothing. *Id.* at 646.

The court of appeals reversed, holding that "the trial court had no discretion in the matter, and it was reversible error to deny the jury 'their prerogative to determine if the voice on the recording machine was indeed

---

5. Contrary to the assertion in Burrhus's brief, the record does not contain "verified proof that he did not receive M&S's letter." Rather, the cited portion of the transcript establishes only that his legal assistant never discussed Ziegler's attendance at the deposition with M&S's counsel; the referenced affidavit does not speak to the receipt or non-receipt of the June 11 letter.

Watson's.'" *Id.* at 647. A divided supreme court reversed, carefully delineating the issue as "not whether the action of the Court in disqualifying Blakely appears to us to have been required, but rather ... whether the Court abused its discretion" in doing so. *Id.* at 647–48.

 As demonstrated by this summary, Johnson called Blakley to testify as a fact witness. In this case, on the other hand, Ziegler and Britton were expert witnesses, and the law is now clear that expert witnesses are among those who may be exempted from operation of the Rule at trial.[6] *See, e.g., Elbar,* 774 S.W.2d at 51–52; *Triton,* 509 S.W.2d at 685.[7] So, too, did some members of the Supreme Court Advisory Committee contemplate that following the enactment of the notice requirement experts would nonetheless be permitted to attend other witnesses' depositions. *See, e.g.,* Minutes of the Supreme Court Advisory Committee 526, 530, 534–35 (May 26–27, 1989). Moreover, the record strongly suggests that if Burrhus had sought a protective order at the time of her expert's deposition, the trial judge would have denied it.[8]

Under these circumstances, and given the general rules governing sanctions, even if we assume that M&S failed to comply with Rule 200(2)(a)'s notice requirement, we cannot conclude that the trial court acted arbitrarily or unreasonably in denying Burrhus's motion to strike Ziegler. Accordingly, we overrule Burrhus's first and third points of error.

### SUFFICIENCY OF THE EVIDENCE

In her fourth point of error, Burrhus argues that the jury's finding that M&S was not negligent is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam). We have reviewed the record under the appropriate standard of review, as set forth in *Cain,* and disagree. There is ample fact and expert testimony to support the jury's verdict, including its finding that M&S was not negligent. We therefore overrule Burrhus's fourth point of error and affirm the judgment.

---

6. We note that the exemptions now found in Rules 267, Tex.R.Civ.P., and Rule 614, Tex.R.Civ. Evid., did not form a part of the version of Rule 267, Tex.R.Civ.P., in effect at the time of *Johnson. See Johnson,* 389 S.W.2d at 646 n. 2.

7. We recognize that the burden is on the party seeking the exemption to raise and support its application at trial; however, the burden is a minimal one. Steven M. Zager, *Invoking the Rule of Sequestration of Witnesses During Discov-* *ery in Civil Litigation,* Tex.B.J., June 1989, at 662, 664.

8. During the hearing on Burrhus's motion to strike, the trial judge commented that "[t]here's nothing wrong with that, I'll allow it. Sure that's done every day. Experts are there during the depositions so they can know what's going on."