## In re STATE FARM LLOYDS, Relator.

### No. 05–08–00426–CV.

Court of Appeals of Texas, Dallas.

May 7, 2008.

Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, L.L.P, Deborah L. Rank, Houston, and Armando De Diego, Law Office of Armando De Diego, Dallas, for Relator.

Evan Lane (Van) Shaw, Law Offices of Van Shaw, Dallas, for Real Party in Interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

In this petition for writ of mandamus, relator asserts the trial court abused its discretion by prohibiting the parties' counsel from interviewing the jurors discharged after a mistrial and that it has no adequate remedy at law. We agree that the trial court abused its discretion in prohibiting the parties' counsel from inter-

viewing the discharged jurors and that relator has no adequate remedy at law. Accordingly, we conditionally grant the petition for writ of mandamus.

## Background

Real parties in interest, James Thomas Siebert and Linda Elaine Siebert, sued relator, State Farm Lloyds, their insurance carrier, for breach of contract, breach of duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act and Insurance Code, and fraud. In the same suit, the Sieberts also sued Mary Ann Hadden, an adjuster, for tortious interference with their relationship with relator and violations of the Deceptive Trade Practices Act and Insurance Code. The case was tried to a jury. The jury was unable to agree on a verdict, and the trial court declared a mistrial. After declaring a mistrial, the trial court orally ordered the parties' counsel not to interview the discharged jurors. Subsequently, after a hearing on the relator's motion for reconsideration, the trial court entered a February 22, 2008 "Order Prohibiting Post–Discharge Juror Interviews and Access to the Jury Charge and Denying State Farm's Motion for Reconsideration." [1] In this order, the trial court prohibited the parties' counsel from interviewing the discharged jurors.

## Standard of Review

Mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it

reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker*, 827 S.W.2d 833, 839 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding)). Mandamus may be used to challenge a gag order prohibiting discussion of a civil case outside of the courtroom. *See Davenport v. Garcia*, 834 S.W.2d 4, 5–7 (Tex.1992) (orig. proceeding).

## Prior Restraint

Relator argues that the trial court's order prohibiting the parties' counsel from interviewing the discharged jurors constituted an unconstitutional prior restraint on speech. In *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, (Tex. App.-Dallas 2006, no pet.), which relies heavily upon *Davenport v. Garcia*, 834 S.W.2d 4 (Tex.1992), this Court emphasized that "(t)he Texas Supreme Court has interpreted Texas's constitutional right to free speech more broadly than its federal equivalent." *Marketshare*, 198 S.W.3d at 917. Accordingly, we decide this issue under the Texas Constitution.

The Texas Constitution provides that "[e]very person shall be at liberty to speak, write or publish his opinion on any subject, being responsible for the abuse of that privilege...." TEX. CONST. art. I, § 8. A judicial order that forbids certain communications before they occur constitutes a prior restraint. *Marketshare*, 198 S.W.3d at 917. Prior restraints on speech are presumptively unconstitutional. *Davenport*, 834 S.W.2d at 10. In *Davenport*, the supreme court held that before the trial court may impose a gag order in a civil judicial proceeding, it must make spe-

---

1. The only issue before this Court is whether the trial court abused its discretion in prohibiting counsel from interviewing the dis-

charged jurors. Relator does not seek relief regarding the sealed jury charge.

cific findings supported by evidence that (1) an imminent and irreparable harm to the judicial process will deprive the litigants of a just resolution of their dispute and that (2) the judicial action represents the least restrictive means to prevent that harm. *Davenport,* 834 S.W.2d at 10.

In this case, the trial court's order of February 22, 2008 prohibiting counsel from interviewing the discharged jurors contains no findings regarding any imminent and irreparable harm to the judicial process and no findings that the trial court's prohibition is the least restrictive means to prevent that harm. There is no indication in the record that either relator or the Sieberts requested the gag order to protect the "just resolution of the their dispute." During the hearing of February 22, 2008, no evidence was presented regarding any imminent and irreparable harm to the judicial process nor was any evidence presented regarding the least restrictive means to prevent any such harm. The record reflects that only counsel's arguments were presented at the hearing. Relator argued that the trial court's gag order is presumptively unconstitutional and, therefore, the trial court must make specific findings regarding the imminent and irreparable harm to the judicial process and make findings that the gag order is the least restrictive means to prevent that harm. In response to these arguments, the trial court stated:

> I don't know if I conveyed it exactly as that, but that is my belief. The reason I don't want you to talk to the jurors is because I do think it will have irreparable harm to the plaintiffs in this case and the defendant. I don't want one side or the other talking to the jurors and then basing their strategy later on for the case which may or may not help resolve it or it goes in a different direction. I think the case was tried fairly the first time. I want the case to be

tried fairly the second time. That's why I don't want to have discussions with the jurors.

In a subsequent reply to relator's argument that discussions with the discharged jurors would aid in the evaluation of the case and perhaps eliminate the need for a second trial, the trial court stated:

> I don't think that is the case here. I talked to the jurors. I don't think that's the case. That's why I don't want the parties to talk to the jurors. If the case—if you guys were at a standoff to begin with, I fully expect it to be a standoff. I fully expect it to go to a jury trial again.

These statements fail to qualify as findings or as evidence of any imminent or irreparable harm that would deprive the parties of a just resolution of their dispute. Additionally, such statements are not findings or evidence that the trial court's gag order was the least restrictive means to prevent such harm. Such statements indicate the trial court was satisfied that the case had been tried fairly the first time and that he desired the case to be tried fairly the second time. But there is no evidence in the record that discussions between counsel and the discharged jurors would result in an unfair second trial. Indeed discussions with discharged jurors have been deemed beneficial to the judicial process. The supreme court has

> long concluded that communication between parties, counsel, and discharged jurors can be a valuable experience for all concerned. In particular, a lawyer ... who has lost at trial may respectfully ask the jurors to tell him why they are not persuaded by his case, and thus help him learn something that will help him serve his clients better in the future.

*Comm'n for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 433 (Tex.1998).

We conclude the trial court's gag order is a presumptively unconstitutional prior restraint on speech and, therefore, the trial court abused its discretion by failing to make specific findings supported by evidence that (1) an imminent and irreparable harm to the judicial process exists which will deprive the litigants of a just resolution of their dispute and (2) the gag order is the least restrictive means to prevent that harm. *Davenport,* 834 S.W.2d at 10.

### No Adequate Remedy

■ There is no adequate remedy at law for such a gag order; it is not a final order or an appealable interlocutory order. *See Kennedy v. Eden,* 837 S.W.2d 98, 98–99 (Tex.1992); TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2007). Likewise, the order for mistrial is an interlocutory order and is not appealable. *Galvan v. Downey,* 933 S.W.2d 316, 321 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Therefore, any attempt to appeal this gag order would necessarily await a final disposition of the case after the second trial. Meanwhile counsel's discussion with the discharged jurors would be restrained, and the harm of such restraint would not be repaired on appeal of the judgment from the second trial.

### Conclusion

We conclude the trial court abused its discretion in issuing a gag order prohibiting counsel's discussions with discharged jurors without meeting the *Davenport* requirements for making specific findings supported by evidence that would justify such a prior restraint on speech, and we conclude relator has no adequate remedy at law. Accordingly, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event

the trial judge fails: (1) to vacate, the portion of its February 22, 2008 "Order Prohibiting Post–Discharge Juror Interviews and Access to the Jury Charge and Denying State Farm's Motion for reconsideration" that (a) prohibits the parties' counsel of record from interviewing the discharged jurors and (b) denies relator's motion for reconsideration as to the prohibition of such interviews with the discharged jurors, and (2) to enter an order that (a) grants the portion of relator's motion for reconsideration requesting that the gag order be removed and (b) removes the gag order.