**AFFIRM; and Opinion Filed March 26, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01385-CV

### ANTHONY LEEARTIS HALL, Appellant
### V.
### OBINNA CHINEMEREM NJOKU D/B/A ALWAYS INSURANCE AGENCY, AND ALL-WAYS INSURANCE GROUP, LLC, Appellees

### On Appeal from the County Court at Law No. 2
### Dallas County, Texas
### Trial Court Cause No. CC-09-02988-B

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Appellant Anthony Leeartis Hall sued appellees Obinna Chinemerem Njoku, d/b/a Always Insurance Agency, and All-Ways Insurance Group, LLC, over a contract between Hall and Njoku to sell insurance as Always Insurance Agency. Appellees brought claims against Hall. A jury found for appellees on Hall's claims and found for Hall on appellees' claims. The trial court's judgment ordered that all parties take nothing.[1] On appeal, Hall complains of several evidentiary rulings and complains the trial court improperly imposed a gag order on and sanctioned his attorney. We affirm the trial court's judgment.

Because the facts of the underlying business dispute are well-known to the parties and unnecessary to disposition of this appeal, we will not recite them in detail and will recount only

---

[1] The Honorable Eric Moye, Presiding Judge of the 14th Judicial District Court, heard the case for the Honorable King Fifer, Presiding Judge of County Court at Law No. 2.

the pertinent facts. At a pretrial hearing on the admissibility of various exhibits, the trial judge told Hall's counsel that he was not accustomed to lawyers who argue with him after he makes a ruling and instructed counsel not to do so again. On the first day of trial, outside the presence of the jury, the judge told Hall's counsel that he had a habit of continuing to talk after he had instructed him not to. The judge went on to say:

> I'm telling you and I'm telling you for the last time, if you continue to argue with me after I make a ruling, after I tell you something, if you continue to try to explain, to put before the jury things that I don't think should go there, for the purpose of avoiding my ruling, I'm going to hold you in contempt.

On the second and final day of trial, while appellees' counsel was questioning Hall, Hall's attorney objected to questions about a dispute Hall had with a Nicole Johnson who had purchased insurance from him. The judge warned counsel that counsel had previously made his objection on the record, the judge had overruled it, and counsel should not make it again. A few minutes later, counsel objected to a question about how much money Hall owed Johnson. The judge again instructed counsel not to continue to make that objection. Hall's counsel started to ask the judge a question, and the judge instructed him to "Be seated and don't say another word or I will hold you in contempt." When Hall's counsel responded with, "Your Honor," the judge again warned counsel that he would hold him in contempt if he said another word. Counsel then said, "Your Honor, I have to make," and the judge interrupted to send the jury out of the courtroom. Outside the presence of the jury, the judge stated:

> [Hall's counsel], stand up. You have consistently through this trial obstreperously argued with this Court. I have told you on at least half a dozen occasions after I make a ruling the only thing that is appropriate for you to say is "Yes, Your Honor," or "I do not understand."

> In contravention of my instruction to you and my direct order to you yesterday and on more than one occasion today you have refused to do as I have instructed you.

The court cited Hall's attorney for contempt and ordered him to pay the Clerk of the Court $500. Counsel continued to interject, and the judge said, "Counsel, sit down and be quiet. Do not - - Do not argue with me. If you argue with me further, I'm going to jail you." After counsel continued to attempt to discuss the matter, the judge asked for another bailiff to be present.

From that point on, Hall's attorney made no further objections, citing the "court's order." For the same reason, counsel declined to ask any questions of Hall, appellees' last witness, after appellees' counsel finished questioning him. The court gave Hall's counsel the opportunity to present closing argument and counsel declined stating, "Based on the Court's ruling and the threat of being arrested and put in jail, I will not be making a closing."

In his first issue, Hall contends the trial court erred in admitting several of appellees' exhibits, specifically Exhibits 1, 12, 19, 20, and 21. Hall's first complaint is about Exhibit 1, a letter from appellees' attorney to Hall, which stated that Njoku is voiding the parties' agreement. At the pretrial hearing, Hall objected to the letter on grounds that it was hearsay and on authentication grounds because Hall never received the letter. After confirming that appellees' counsel was going to have someone authenticate the exhibit, the court overruled Hall's objection. Hall's brief does not mention the hearsay objection; therefore we address only his authentication argument.

We review a trial court's admission of evidence for an abuse of discretion. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 27 (Tex. 2014). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A piece of evidence's authenticity is a condition precedent to its admissibility. TEX. R. EVID. 901(a). This requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Id.* The testimony of a witness with knowledge is one way to authenticate evidence. *Id.* 901(b)(1). Appellees' attorney

testified at trial that he drafted Exhibit 1, the letter to Hall, and sent it. The fact that Hall claimed not to have received the letter does not negate its authenticity. The trial court did not abuse its discretion in overruling Hall's objection to the authenticity of Exhibit 1.

Hall also complains about the admission of Defendants' Exhibit 12, a letter from appellees' attorney to Assurance America Managing General Agency about Hall. Hall objected to Exhibit 12 on relevance and hearsay grounds, and the court overruled the objections. However, the record reflects that Defendants' Exhibit 8 is a copy of the same letter. Hall does not complain on appeal about the admission of that exhibit. We conclude Hall has waived any complaint about the admissibility of Exhibit 12 by failing to challenge the admissibility of the same letter in Exhibit 8. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004).

Hall next complains about the admission of Defendants' Exhibits 19 and 20. The record reflects that these exhibits were used by appellees' counsel to refresh Hall's recollection at trial. But they were never offered into evidence. Hall's complaint that the court erred in admitting these exhibits is without merit.

Finally, Hall complains of the admission of Defendants' Exhibit 21, a notice of a child support lien against him in the amount of $85,026.38. At the start of the second day of trial, appellees' counsel handed Hall's counsel documents appellees intended to introduce into evidence. Hall's counsel objected because the documents were not previously produced in response to a request for production. One of these documents was the notice of a child support lien. The court questioned appellees' counsel about how that evidence was relevant and indicated it would not let child support records into evidence.

Later that day, after the court had held Hall's counsel in contempt, appellees' counsel offered the child support lien into evidence. When the court asked counsel to respond to

–4–

appellees' offer of that exhibit, counsel indicated he was not going to respond "based on the court's order." The trial court specifically invited counsel to respond to the offer opposing counsel had made and counsel declined, "based on the Court's order." To preserve a complaint about the admission of evidence for appellate review, the party must make a timely and specific objection at the time the evidence is presented. TEX. R. EVID. 103; TEX. R. APP. P. 33.1. Hall made no objection to Exhibit 21 when it was offered into evidence and has not preserved this complaint for our review. We overrule Hall's first issue.

In his second issue, Hall complains that the trial court issued an improper gag order and improperly sanctioned his attorney. We disagree.

Hall first argues that the trial court issued an unconstitutional prior restraint on his attorney's speech. A judicial order that forbids certain communications before they occur constitutes a prior restraint on speech. *In re State Farm Lloyds*, 254 S.W.3d 632, 634 (Tex. App.—Dallas 2008, orig. proceeding). We do not find that the trial judge's order forbidding Hall's counsel from arguing with the judge is an unconstitutional prior restraint on speech. Instead, it was permissible courtroom management. Hall contends the court's order prevented him from objecting to inadmissible evidence and making a closing argument. Yet the record does not bear this out. The court specifically asked for counsel's response to the offer of Exhibit 21 and told counsel he had the opportunity to present a closing argument. Hall's counsel chose not to do either of these things. The trial court did not gag appellant's counsel by improperly restraining his speech.

We turn to Hall's argument that the court abused its discretion by sanctioning his attorney. Although Hall couches his argument in terms of sanctions and cites law applicable to sanctions orders, he is actually complaining of the court's contempt order. Contempt orders are not reviewable on direct appeal. *Herzfeld v. Herzfeld*, 285 S.W.3d 122, 132 (Tex. App.—Dallas

–5–

2009, no pet.).  Contempt orders that do not involve confinement, such as this one, may be reviewed only by a petition for writ of mandamus.[2]  *Id.*  We overrule Hall's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

121385F.P05

---

[2] Hall's counsel attempted to seek review of the contempt order in 2012.  He filed a notice of appeal from the order holding him in contempt.  We dismissed the appeal for want of jurisdiction because counsel filed a notice of appeal instead of a petition for writ of mandamus. *Akpom v. Moye*, No. 05-12-00764-CV, 2012 WL 4005714, at *1 (Tex. App.—Dallas Sept. 12, 2012, no pet.)(mem. op.).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY LEEARTIS HALL, Appellant

No. 05-12-01385-CV     V.

OBINNA CHINEMEREM NJOKU D/B/A
ALWAYS INSURANCE AGENCY AND
ALL-WAYS INSURANCE GROUP, LLC,
Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-09-02988-B.
Opinion delivered by Justice Brown. Justices
Bridges and Fillmore participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellees OBINNA CHINEMEREM NJOKU D/B/A ALWAYS INSURANCE AGENCY AND ALL-WAYS INSURANCE GROUP, LLC recover their costs of this appeal from appellant ANTHONY LEEARTIS HALL.

Judgment entered this 26th day of March, 2015.