# NO. 12-17-00138-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ROBERT WIGHTMAN-CERVANTES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Robert Wightman-Cervantes seeks mandamus relief from the trial court's order appointing a temporary guardian.[1] We deny the petition.

## BACKGROUND

The underlying case involves an application for guardianship concerning Clinton Allen Wightman, Relator's half-brother. On April 6, 2017, Wightman's guardian ad litem filed an emergency application for appointment of a temporary guardian of the person and estate of Wightman. A hearing was held the following day. Both Wightman's guardian ad litem and attorney ad litem were present, as well as the proposed temporary guardian, Terry J. Napper. Relator appeared by telephone. The court expressed concern for Wightman's immediate well-being, and appointed Napper as his temporary guardian.

Relator initially objected on grounds that Napper was not related to Wightman, but he later agreed to Napper's appointment as temporary guardian.[2] The court indicated it would be

---

[1] Respondent is the Honorable Harold C. Gaither, Jr., visiting judge of the County Court at Law of Nacogdoches County, Texas.

[2] Despite Relator's agreement at the hearing, he argues at various points throughout his brief that the trial court abused its discretion by appointing Napper, a non-family member, as the temporary guardian. However, direct appeal is an adequate remedy for orders appointing a temporary guardian. *See In re Cunningham*, 454 S.W.3d 139, 144 (Tex. App.—Texarkana 2014, orig. proceeding); *see also* TEX. EST. CODE ANN. § 1152.001 (West 2014). Relator does not address this remedy or otherwise support his contentions with clear and concise arguments as opposed to mere conclusions. *See* TEX. R. APP. P. 52.3(h); *see also In re Fitzgerald*, 429 S.W.3d 886, 897 (Tex.

entering an order appointing Napper as the temporary guardian. Relator told the court that he would communicate with Napper for the purpose of exchanging information, but indicated that he would respect Napper's decisions and would not try to unduly interfere with Napper's decision making.

The court signed a written order appointing Napper as Wightman's temporary guardian. The order required all criticisms or complaints regarding Napper be directed to the court and prohibited parties from communicating with Napper in a threatening or harassing manner. Thereafter, Relator engaged in a series of emails with Napper which Napper asserts violate the court's order. Napper filed a motion for Relator to show cause for why he is not in contempt of court. This original proceeding followed.

## ORDER APPOINTING TEMPORARY GUARDIAN

In two issues, Relator argues the trial court abused its discretion because the temporary order (1) contains a gag order that violates his constitutional right to freedom of speech, and (2) was issued ex parte.

### Prerequisites to Mandamus

Mandamus is an extraordinary remedy, available only when the trial court has clearly abused its discretion and no adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–37 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

Relator has the burden to establish both prerequisites to mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, no pet.). Mandamus is the proper remedy for challenging a gag order. *In re Benton*, 238 S.W.3d 587, 592 (Tex. App.—

---

App.—Tyler 2014, pet. denied). Accordingly, mandamus is not the proper remedy to the extent Relator challenges the appointment of Napper as temporary guardian.

2

Houston [14th Dist.] 2007, orig. proceeding). Thus, we proceed to review the trial court's order for abuse of discretion.

**Free Speech**

In his first issue, Relator claims the following portion of the order constitutes a gag order in violation of his constitutional right to freedom of speech:

> **IT IS FURTHER ORDERED** that any criticism or complaints against the temporary guardian are to be filed with the Court and not directed to the temporary guardian; any words directed to the temporary guardian that the Court finds harassing or threatening will be considered a violation of this order and will be considered contempt of court punishable by fine or imprisonment, or both.

Relator cites *Grigsby v. Coker* to support his argument. *See* 904 S.W.2d 619 (Tex. 1995). In *Grigsby*, a child custody case, the trial court enjoined the mother and father from communicating with anyone about the other party in a derogatory manner, either directly or through their attorneys, except when discussing the case with counsellors or experts. *Id.* at 620. The court held that the injunction violated the relator's constitutional rights because it limited free speech and was issued without due process of law. *Id.* at 621. This case, however, is distinguishable from *Grigsby* because the order does not preclude Relator from making a complaint or criticism, but merely requires the complaint be filed with the court and not directed to the temporary guardian.

Additionally, the order's provision prohibiting the parties from communicating with Napper in a harassing or threatening manner is not a limitation on constitutionally protected speech. *See Garcia v. State*, 212 S.W.3d 877, 888 (Tex. App.—Austin 2006, no pet.) (holding that threats and harassment are not protected speech); *Webb v. State,* 991 S.W.2d 408, 415 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ("A threat is not protected speech.") *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) (noting a distinction between communication and harassment and that courts have the power to enjoin harassing communication); *see also Thorne v. Bailey*, 846 F.2d 241, 243 (4th Cir. 1988) ("prohibiting harassment is not prohibiting speech, because harassment is not protected speech."). Furthermore, courts are authorized to require that proceedings be conducted with dignity and in an orderly and expeditious manner. *See* TEX. GOV'T CODE ANN. § 21.001 (West 2004). Thus,

the order did not violate Relator's right to freedom of speech, and the trial court did not abuse its discretion by including the complained of provision in its order appointing a temporary guardian.

**Ex Parte Communications**

In his second issue, Appellant seeks mandamus relief from the order on grounds that it was issued ex parte. According to Relator, the gag order was added after the hearing ended and he was no longer privy to additional conversations with the trial court.[3]

The rules of judicial conduct forbid judges from initiating, permitting, or considering ex parte or other private communications concerning the merits of a pending or impending judicial proceeding. TEX. CODE OF JUD. CONDUCT, Cannon 2, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (West 2013). An ex parte communication is one that involves fewer than all of the parties who are legally entitled to be present during the discussion of any matter with the judge. *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied); *Yourkers v. State*, 400 S.W.3d 200, 206 (Tex. App.—Dallas 2013, pet. ref'd.) Ex parte communications are prohibited because they are inconsistent with the principles of an impartial judiciary and a litigant's right to be heard. *Erskine*, 22 S.W.3d at 539; *Yourkers*, 400 S.W.3d at 206.

In support of his argument, Relator refers to an email in which Napper states "can't comment on the ex parte thing but we were still in session when you got off the call and the court reporter documented everything." This email does not demonstrate that the order was entered ex parte. The record shows that Relator was present by telephone at all times during the hearing at which the court announced it was signing the order. On the record, the guardian ad litem indicated she had a proposed order and the court asked to see the order. The court then indicated that the order was temporary and would only be in effect until June 1.[4] Furthermore, during the hearing, Relator engaged in substantial discussion with the court about Wightman's needs and how Relator could assist Napper in the discharge of his duties. Although Relator initially objected, he later told the court he agreed to Napper's appointment. Relator further told the court that he understood he was not to attempt to unduly influence Napper and that he would respect Napper's decisions. Thus, the record indicates that Relator participated in the hearing and does

---

[3] To the extent Relator's second issue challenges the appointment of Napper as having occurred ex parte, direct appeal is the proper remedy for any such complaint. *See In re Cunningham*, 454 S.W.3d at 144; *see also* TEX. EST. CODE ANN. § 1152.001.

[4] After Relator voiced concern about the order expiring the same day as the final hearing, the court indicated it would make the order effective through June 2.

not evidence communications involving fewer than all of the parties who were legally entitled to be present during the discussion with the judge. *See **Erskine***, 22 S.W.3d at 539; *see also **Yourkers***, 400 S.W.3d at 206. Accordingly, the record does not support Relator's contention that the trial court abused its discretion by signing an ex parte order.

## DISPOSITION

Because Relator has not shown that the trial court abused its discretion, he has not established an entitlement to mandamus relief. *See **In re E. Tex. Med. Ctr. Athens***, 154 S.W.3d at 935. Accordingly, we ***deny*** his petition for writ of mandamus.

**GREG NEELEY**
Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2017**

**NO. 12-17-00138-CV**

**ROBERT WIGHTMAN-CERVANTES,**
Relator
V.

**HON. HAROLD C. GAITHER, JR.,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Robert Wightman-Cervantes; who is the relator in Cause No. GD1500309, pending on the docket of the County Court at Law of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on May 1, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied.**

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

6