**Lawrence T. JOHNSON and Bonnie Jo Johnson, Appellants,**

v.

**GULF COAST CONTRACTING SERVICES, INC., Appellee.**

No. 09–87–123 CV.

Court of Appeals of Texas, Beaumont.

Feb. 18, 1988.

Rehearing Denied March 3, 1988.

William J. Tinning, Corpus Christi, Chap B. Cain, III, Zbranek, Hight & Cain, Liberty, for appellants.

Lipscomb Norvell, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, Robert C. Evans, New Orleans, La., for appellee.

## OPINION

DIES, Chief Justice

This is a Jones Act case. Lawrence Johnson fell from the scaffold of a drilling rig, receiving personal injuries. He and his wife subsequently sued Matagorda Marine Drilling Company, A.W.I., Inc., and Gulf Coast Contracting Services, Inc. Plaintiffs settled with Matagorda and A.W.I., Inc. A jury found that Johnson was not a seaman, resulting in a judgment for Gulf Coast, from which Plaintiffs have perfected appeal to this court. The parties will be referred to herein as Appellant and Appellee.

Appellant's first point of error follows:

"The trial court erred by submitting, and then failing to disregard the jury's answer to Special Issue No. 1 and render judgment N.O.V. in favor of Appellants, because the evidence established seaman status as a matter of law."

The question of Jones Act status is almost always a fact issue for the jury. *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir.1959); *Barrett v. Chevron, U.S.A., Inc.* 781 F.2d 1067 (5th Cir.1986). A contention that the evidence proves seaman status as a matter of law is very heavy indeed. *See Hall v. Diamond M Co.*, 732 F.2d 1246, 1248 (5th Cir.1984); *Robinson v. Zapata Corp.*, 664 F.2d 45, 47 (5th Cir.1981). We can set aside a jury finding only when there is no evidence to support it. *Campbell v. Northwestern Nat'l Life Ins. Co.*, 573 S.W.2d 496, 497 (Tex.1978). And, of course, in this inquiry we must consider the evidence in the light most favorable to the finding, considering only the evidence and inferences which support the finding. *Id.*

In *Willis v. Titan Contractors Corp.,* 625 S.W.2d 69, 73 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), we find:

"The federal courts have broadened the jury function in Jones Act cases to such an extent that 'the appellate court has no jurisdiction to overturn a jury verdict supported by some evidence of probative force even though the appellate court should conclude that the verdict is against the great weight and preponderance of the evidence.'"

In the case we review, the jury was correctly instructed that a right of action existed under the Jones Act only as to "a member of a crew of a vessel in navigation." Under *Robison,* a Jones Act case should go to the jury (1) if there is evidence that the injured workman was assigned permanently to a vessel or performed a substantial part of his work on the vessel and (2) if the capacity in which he was employed or the duties he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips. *Robison,* 266 F.2d at 779.

At the time of his injury, Appellant was the employee of Appellee, and the jury so found. While undoubtedly Appellant had once been a member of the rig's crew, the jury had evidence before it that he was hired by Appellee, two days before his injury, to clean the rig, not to operate it. At the time Appellant was injured, the rig was tied up to the shore. He also spent nights ashore. The jury had evidence it was uncertain the rig would ever return to sea because of the downturn of the oil business. The jury certainly had evidence from which it could conclude Appellant was a temporary, shore-side maintenance worker. The jury also had evidence Appellant was never promised he would go back to sea with the rig, if it went back to sea. Kenneth Durell stated that no one knew how long the rig would remain dormant for clean-up operations and repairs. The derrick was down and the barge tied up at the dock; no one was living in its living quarters. Jones Act coverage requires a vessel to be in navigation, but not necessarily underway. *See Reynolds v. Ingalls Shipbuilding Div.,* 788 F.2d 264, 267 (5th Cir.), *cert. denied,* 479 U.S. ——, 107 S.Ct. 278, 93 L.Ed.2d 253 (1986); *Garret v. Dean Shank Drilling Co.,* 799 F.2d 1007 (5th Cir.1986); *Fredieu v. Rowan Companies, Inc.,* 738 F.2d 651 (5th Cir.1984). In short, there was evidence that Appellant was hired for short-term maintenance work and not as a seaman. This point of error is overruled.

Appellant's last point of error follows:

"The trial court erred in allowing the president of Gulf Coast Contracting Services [Appellee] ... to testify when he was revealed only in the week prior to the first day of trial and not revealed more than 30 days prior to the date of trial in response to an appropriate interrogatory."

Lloyd Ray, president of Appellee, was designated a witness in a late supplemental answer to Appellant's interrogatories. *TEX.R.CIV.P. 215(5)* provides that a late designated witness shall not be entitled to testify "unless the trial court finds that good cause sufficient to require admission exists." *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986); *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442 (Tex.1984). In our case the trial judge held a hearing outside the presence of the jury, then allowed Appellee's president to testify. At the hearing, two counsel for Appellee testified that Appellee, a Louisiana company, had been inactive since 1983, with no telephone listing since 1985. Appellee was in liquidation, and a search for its president had gone on for months. The president testified he had not maintained an office at the company's official location since 1983 and that his staff did not associate him with Appellee because he was in Baton Rouge (100 miles away). Appellee's counsel stated that as soon as they found Appellee's president, the information was given to Appellant. We cannot conclude the trial court "acted without reference to any guiding rules and principles." *Morrow,* 714 S.W.2d at 298, citing *Downer v. Aquama-*

**330**

*rine Operations, Inc.,* 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). This point of error is overruled.

The Appellee has a number of cross-points which have been addressed in this opinion, but they are overruled on procedural grounds.

The judgment of the trial court is affirmed.