**Anita CLARK, Individually and as Personal Representative of the Estate of Eulalia P. Mayorga et al., Petitioners,**

v.

**TRAILWAYS, INC. et al., Respondents.**

No. C–7972.

Supreme Court of Texas.

May 31, 1989.

Rehearing Denied Sept. 13, 1989.

Frank M. Staggs, Jr., Houston, Ann A. Skaro, Corpus Christi, for petitioners.

Todd Moore, Thomas H. Hight, Sr. (on appeal only), Dallas, Jeffrey W. Jones, Harlingen, Thomas Black (on appeal only), San Antonio, Reynaldo G. Garza, Brownsville, for respondents.

COOK, Justice.

This court is once again called upon to address the sanctions to be imposed on a party who fails to timely supplement responses to discovery requests. Anita Clark and Linda Ramirez (collectively referred to as "Clark") are the survivors of Eulalia P. Mayorga and Emma Aurora Salazar Trejo, respectively, who were killed in a bus accident in Mexico. Clark brought this wrongful death and survival action against Transportes Del Norte ("TDN") and Trailways, Inc. and eventually received judgment at the trial court level. Upon finding that the trial court abused its discretion in permitting Clark's liability witness to testify, the court of appeals reversed the judgment of the trial court and remanded for a new trial. 756 S.W.2d 786 (Tex.App.—Corpus Christi 1988). We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

In October 1979 Mayorga and Trejo purchased round trip tickets to Mexico City from a Trailways bus station in Corpus Christi, Texas. The decedents departed Corpus Christi in a Trailways bus, but were later transferred to a TDN bus at Brownsville, Texas, for the remainder of the trip. Prior to reaching their destination, Mayorga and Trejo were killed when the TDN bus veered off a roadway in Mexico and overturned. The jury found that TDN, through the driver of its bus, was negligent in maintaining a proper lookout and rate of speed. Based on these jury findings, the trial court rendered judgment against TDN and Trailways.

The primary dispute on appeal arises from Clark's failure to supplement a pretrial discovery request made by TDN. In 1981 TDN served Clark with interrogatories that included a request for the names and addresses of any persons who investigated the accident, as well as the details of any oral reports received from such persons. Clark initially responded that the identities and other requested information about such persons were unknown. However, Clark supplemented this response on August 27, 1986, by directly referencing an exhibit to the deposition of a TDN employee, which had previously been filed with the court. The relevant document in this exhibit had originally been produced by TDN. After receiving the supplemental response, TDN filed a motion for sanctions and requested the trial court not to permit the testimony of any liability witness whose name and address should have been revealed in Clark's answers to the interrogatories. The trial court overruled the motion at a pretrial hearing and began trial on September 2, 1986.

TDN contends that the trial court abused its discretion by allowing the testimony of Hector Lira Morales, who investigated the accident for the federal police in Mexico. At the time of the trial in 1986, the text of Tex.R.Civ.P. 215(5) (Vernon Supp.1987) read as follows:

5. *Failure to make supplementation of discovery response in compliance with Rule 166b.* A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information re-

quired by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.[1]

The record does not indicate that Clark supplied TDN with Lira's address as requested in its interrogatories. Thus, the trial court should not have allowed Lira's testimony absent a finding of good cause to require its admission. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–98 (Tex.1986) (per curiam).

■ The good cause exception to rule 215(5) must be viewed in perspective with the underlying principles of the discovery process. By excluding the testimony of witnesses whose identities or locations are not revealed in response to discovery requests, rule 215(5) promotes full discovery and deters litigants from violating discovery rules. However, this sanction was neither designed nor intended to punish a litigant who cannot, in the exercise of good faith and due diligence, respond to a discovery request in a timely manner. The good cause exception thus provides trial courts with the latitude to permit testimony in those situations and excuse the party's failure to timely supplement the discovery request. Nevertheless, parties should not be permitted to rely on the good cause exception as a means to evade their duty to engage in full discovery. Thus, a showing of good cause pursuant to rule 215(5) must encompass a showing of good cause for the offering party's failure to respond to proper discovery requests. *See Galvin v. Gulf Oil Corp.*, 759 S.W.2d 167, 171–72 (Tex. App.—Dallas 1988, writ denied).

■ Upon overruling TDN's motion for sanctions, the trial court stated that "if [Lira] was the original DPS [sic] officer, the investigator of this particular accident, I think that he sure would be a witness in this particular proceedings." This statement suggests that the trial court predicated its implicit finding of good cause on the fact that Lira, as the original investigating officer at the accident, possessed peculiar knowledge of the underlying facts of the accident. However, this fact cannot constitute good cause sufficient to require the testimony of Lira. A contrary rule would permit a party opposing discovery to deliberately withhold the name and other discoverable information concerning a key liability witness, and then emphasize the peculiar knowledge held by that witness as being a factor of good cause to excuse the party's failure to disclose. Such a result would only frustrate the underlying purpose of rules regarding discovery, which were designed to prevent "trial by ambush" and to ensure fairness. *Gutierrez v. Dallas Indep. School Dist.*, 729 S.W.2d 691, 693 (Tex.1987).

■ As the party offering the testimony of Lira, Clark bore the burden to show good cause to the trial court. *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 246–47 (Tex. 1985). Clark did not make any such showing at the pretrial hearing on TDN's motion for sanctions. Despite this failure to show good cause at the hearing, Clark points out that the deposition of Lira had been filed with the trial court at the time of the hearing. For this reason, Clark contends that the trial court was permitted to consider the deposition testimony of Lira in determining the existence of good cause. Furthermore, Clark relies upon *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), for the proposition that the trial testimony of Lira provides an additional basis for affirming the good cause finding. According to Clark, the trial court retained plenary jurisdiction to review its pretrial order on TDN's motion for new trial; thus, in reconsidering its order allowing Lira's testimony, the trial court was permitted to review all evidence that had been subsequently placed in the record, including Lira's testimony at trial. *See Downer*, 701 S.W.2d at 241.

---

1. This rule was amended effective January 1, 1988, to place the burden of establishing good cause on the party offering the evidence and to require good cause to be shown in the record. Tex.R.Civ.P. 215(5).

Nevertheless, Lira's testimony at deposition and trial does not provide any facts to support the trial court's finding of good cause. According to his deposition testimony, Lira was not contacted about becoming a witness in the case until approximately ten days prior to the eventual date of trial. Lira also denied having given any reports regarding the accident up to that date, apart from his original investigation report prepared immediately following the accident. At trial, Lira further claimed to have moved frequently to various locations in Mexico following the accident.

These facts, however, do not permit a reasonable inference that Clark was unable to comply with the discovery request by TDN or seasonably supplement its answers to those requests. Lira's testimony falls short of indicating Clark's good faith efforts to locate Lira or her inability to anticipate the use of his testimony at trial, which could otherwise support a finding of good cause to permit the testimony of an unidentified witness. *See, e.g., Johnson v. Gulf Coast Contracting Servs., Inc.,* 746 S.W.2d 327, 329 (Tex.App.—Beaumont 1988, writ denied); *Ellsworth v. Bishop Jewelry & Loan Co.,* 742 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied). The trial court thus abused its discretion in finding good cause to allow the testimony of Lira.

■ We do not reach the issue of whether the admission of Lira's testimony constitutes reversible error, because TDN and Trailways failed to properly preserve their complaint as to the admission of his testimony. Generally, parties must present a timely objection, motion, or request to the trial court in order to preserve a complaint for appellate review. Tex.R.App.P. 52(a). By failing to object when an undisclosed witness is offered at trial, a party waives any complaint under rule 215(5) as to the admission of testimony from that witness. *Security Ins. Co. v. Nasser,* 755 S.W.2d 186, 194 (Tex.App.—Houston [14th Dist.]

1988, no writ); *Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 178 (Tex.App.—Waco 1987, writ denied).

Neither TDN nor Trailways raised an objection under rule 215(5) when Lira testified at trial. Nevertheless, they contend that TDN's pretrial motion for sanctions properly preserved their complaint as to the admission of Lira's testimony. We disagree. The rules requiring timely objections or motions are designed to allow trial courts to correct any errors made during the course of the proceedings. *E.g., Lewis v. Texas Employers' Ins. Ass'n,* 151 Tex. 95, 99, 246 S.W.2d 599, 601 (1952). By failing to object when an undisclosed witness or evidence is offered at trial, parties such as TDN and Trailways effectively deny a trial court the opportunity to review and correct a prior finding of good cause. Parties in any instance should not assume that the trial court is incapable of recognizing an error in a previous finding of good cause.

Moreover, an erroneous finding of good cause under rule 215(5) does not provide a basis for reversal on appeal unless the undisclosed witness or evidence is actually offered and admitted at trial. An objection or motion at that point in the proceedings provides the trial court with a final opportunity to prevent the erroneous admission of the testimony or evidence, thereby avoiding the possibility of a complete new trial to correct any reversible error resulting from its admission. The efficient administration of justice thus requires that trial courts have the opportunity to review any previous finding of good cause, regardless of whether the finding occurred several months or one day prior to the actual offering of the testimony or evidence at issue.

For these reasons, we believe that the better-reasoned approach is to require a party opposing the admission of testimony or evidence under rule 215(5) to object when the testimony or evidence is offered at trial.[2] This rule serves the dual purpose

2. In finding that TDN and Trailways properly preserved error, the dissent places great reliance on the fact that the trial court ruled on the pretrial motion for sanctions on the day preceding Lira's testimony at trial. The dissent unfortunately fails to provide practitioners and appellate courts with a workable rule regarding the preservation of error under rule 215(5). Liti-

of ensuring trial courts the opportunity to review any previous finding of good cause, while providing litigants and courts alike with a uniform and consistent rule regarding the preservation of error under rule 215(5). By failing to object when Clark offered Lira's testimony at trial, TDN and Trailways waived their complaint as to the admission of his testimony.[3]

In holding that the trial court committed reversible error by allowing the testimony of Lira, the court of appeals did not reach the other points of error raised by TDN and Trailways on appeal. We thus remand this cause to the court of appeals to address the remaining points of error. *McConnell Constr. Co. v. Insurance Co. of St. Louis,* 428 S.W.2d 659, 661 (Tex. 1968).

We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

GONZALEZ, J., dissents.

GONZALEZ, Justice, dissenting.

I am troubled by the court's opinion. Without any discussion or analysis, the court states that the trial court *implicitly* found that good cause existed for the admission of testimony of an undisclosed witness. If we are to presume that the trial court found good cause when there is no express finding, we owe the bench and bar some guidance on this issue. Furthermore, the court agrees with the court of appeals that the trial court abused its discretion in allowing the testimony of the undisclosed witness and discusses at length the good cause exception. The court then states that it need not determine whether the

erroneous admission of the evidence constituted reversible error because the error was waived. Since this case does not turn on whether or not there was good cause, the lengthy discussion on good cause is confusing and unnecessary. More important, however, is the court's holding that the objection to the testimony of the undisclosed witness was waived. It is for these reasons that I dissent.

In order to put the issues before the court in proper perspective, a chronology of events is helpful. This case involved a bus accident that occurred in Mexico in 1979 which resulted in the deaths of two relatives of the petitioners (collectively referred to as "Clark"). The investigating officer was Hector Lira Morales (Lira) who concluded in his report that the cause of the accident was mechanical failure.

Suit was filed in September of 1980. In October of 1980, Transportes del Norte (TDN) served interrogatories on Clark seeking the names and addresses of "potential liability witnesses." In 1981, Clark answered "I do not know" and that such information is "unknown." In May of 1985, Clark filed supplemental answers to some of TDN's interrogatories but filed no supplementation regarding the disclosure of potential liability witnesses. Less than a week prior to trial, on August 27, 1986, Clark filed additional supplemental answers which did not identify Lira as a witness with knowledge of relevant facts; however, the answers referred to "Exhibit 9 to Javier Plascencia Rodriguez' deposition." This exhibit allegedly consists of over fifty different documents which were written in Spanish and attached to a deposi-

---

gants in Texas courts should instead be provided with uniform and consistent rules regarding the proper preservation of error.

The dissent's reliance on Tex.R.App.P. 52(b) is misplaced. When a court hears objections to *offered* evidence outside the presence of the jury and admits the evidence, rule 52(b) relieves a party from having to reurge its objection before the jury. A pretrial objection occurs prior to the actual offering of the testimony and is thus not addressed by rule 52(b). Under the dissent's reading of the rule, however, a party could theoretically preserve error by merely raising an objection at any point prior to trial.

**3.** This court in *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989), suggested in dicta that the overruling of a pretrial motion to exclude undisclosed witnesses under rule 215(5) would be sufficient to preserve error. In *Gee,* we did not directly address the issue presented in this case, *i.e.,* the proper time for objecting under rule 215(5), since neither party contested the court of appeals' holding that error had not been preserved with respect to two undisclosed witnesses. *Gee,* 765 S.W.2d at 396. Thus, the dicta in *Gee* is not controlling on this issue.

tion taken by Clark. The exhibit was not introduced into evidence and it was not made part of the record. Lira's name is supposedly somewhere among these documents.

Approximately a week before trial, TDN's attorney was informed by Clark's attorney that they intended to call a secret witness who had never been disclosed in answer to interrogatories. Clark's attorney refused to disclose the name of the witness, yet agreed to produce the witness at a deposition on Labor Day, 1986, the day before the trial.

On August 29, 1986, TDN filed a motion for sanctions under Tex.R.Civ.P. 215(5) in which it asked the trial court not to permit any witness to testify who had not been revealed in response to TDN's interrogatories. On September 2, 1986, the trial court held a hearing on the motion which was specific to Lira, the previously undisclosed witness. Without a showing of good cause by Clark for failure to supplement their answers to the interrogatories in question, the trial court denied the motion for sanctions and ruled that he would allow Lira to testify. Trial commenced the next day and for more than a year's wages as his fee, Lira testified that the accident was caused by excessive speed. The trial court rendered a judgment on the verdict in favor of Clark.

The court of appeals held that the trial court abused its discretion in allowing the undisclosed witness to testify. The majority agrees with the court of appeals on this issue, however, it reverses the judgment of the court of appeals on the basis that this error was not preserved. I strongly disagree that TDN failed to preserve any complaint as to the erroneous admission of Lira's testimony.

It is important to emphasize the time frame in which the relevant sequence of events occurred. The pre-trial hearing, during which the motion to exclude Lira's testimony was argued and ruled on, occurred the same day the jury was empaneled. On the next day, trial commenced and Lira was the first to testify. Thus, this is not a situation in which a party makes a general pre-trial motion to exclude testimony of undisclosed witnesses and months later, when trial finally takes place, fails to object to the admission of such testimony.

Despite the fact that TDN urged the trial court to exclude Lira's testimony one day before he testified, the court today adopts an inflexible rule and states that because the objection was not reiterated when the witness was called, error was not preserved.[1] A review of Rule 52(b) of the Texas Rules of Appellate Procedure offers some guidance and supports my belief that the court is in error.

Rule 52(b) provides in part:

When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

Tex.R.App.P. 52(b).[2] In the context of this rule, I believe that the instant case is analagous and submit that the court heard an "objection" to Lira's testimony in the form of a motion for sanctions, after which it "ruled" that Lira would be allowed to testify. Although TDN did not technically object to the introduction of Lira's testimony *when* such was offered, the motion urged the day before should have relieved TDN from having to reurge its Rule 215(5) argument.

I believe the court goes astray in treating the motion for sanctions as a motion in limine. They are not the same. The trial court did not reserve ruling on the motion until some point during trial should the

1. Neither of the cases cited by the court involved a pre-trial motion which specifically sought to exclude testimony of a particular undisclosed witness. *See Security Ins. Co. v. Nasser,* 755 S.W.2d 186 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Greenstein, Logan & Co. v.*

*Burgess Mktg., Inc.,* 744 S.W.2d 170 (Tex.App.—Waco 1987, writ denied).

2. Rule 103 of the Texas Rules of Civil Evidence was recently amended to include this sentence. 33 S. Goode, O. Wellborn & M. Sharlot, Texas Practice § 103.1 (1988).

issue have arisen and an objection been raised, as is the procedure with regard to motions in limine. *See Hartford Accident & Indem. Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963); *Union Carbide Corp. v. Burton,* 618 S.W.2d 410, 415 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Finally, to obtain reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, the following must be shown: (1) that the trial court did in fact commit error; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Bridges v. City of Richardson,* 163 Tex. 292, 354 S.W.2d 366, 368 (1962); Tex.R.App.P. 81(b). In this connection, the court agrees with the court of appeals that it was error to admit Lira's testimony. Clark engaged in unsavory discovery tactics and sought to benefit from them. Because Lira was the only liability witness Clark produced at trial, the erroneous admission of his testimony was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

In conclusion, I see no need to adopt an inflexible rule which gives deference to form over substance. As in this case, where an undisclosed witness is the *first* to testify after a ruling on a motion for sanctions, and the parties and the trial court were aware of the intention to call the witness, the objecting party should not have to reurge its Rule 215(5) argument in order to preserve error. Having two sets of rules to preserve objections is another trap for lawyers. The unnecessary rigidity of the court's opinion results in an injustice in this case. Also, since the court announces a new rule, it should not be applied retroactively.

The court of appeals was correct in reversing and remanding the cause for a new trial. Thus, I would affirm the judgment of the court of appeals.