Clarence FORMAN, Petitioner,

v.

FINA OIL AND CHEMICAL COMPANY, Respondent.

No. D–3564.

Supreme Court of Texas.

June 30, 1993.

Rehearing Overruled Sept. 10, 1993.

Ruff Ahders, Odessa, Larry Zinn, San Antonio, for petitioner.

Bernie E. Hauder, John C. Bush, Dallas, for respondent.

PER CURIAM.

We consider whether, under Tex.R.Civ.P. 215.5, good cause was shown for late designation of an expert witness.

Clarence Forman brought suit against Fina Oil and Chemical Co. for injuries allegedly sustained as a result of an electrical shock while working for a third-party sal-

vage company at Fina's facilities. Thirty-one days prior to trial, Fina designated as an expert witness Dr. Charles R. Baxter, a burn specialist at Presbyterian Hospital of Dallas and a professor of surgery at the University of Texas Southwestern Medical Center, and requested that Forman submit to a medical examination by Dr. Baxter. As the designation was served by mail, Forman did not receive it until January 6. On January 9, twenty-five days before trial, Forman designated Baxter as an expert witness. After the medical examination and report confirmed Forman's claim that he had suffered an electrical shock, Fina "undesignated" Baxter as its expert. When Forman sought to use the favorable report at trial, the trial court excluded any reference to Dr. Baxter because Forman had not timely designated Baxter as an expert witness and good cause had not been shown to permit the evidence under Tex.R.Civ.P. 215.5. The court of appeals affirmed. 858 S.W.2d 498. We reverse and remand to the trial court for a new trial.

This court has, on numerous occasions, considered the issue of whether good cause existed to permit testimony of a witness not properly identified in response to interrogatories. These cases have not presented the question of late designation, however, but have instead concerned a complete failure to designate[1] or involved the exclusion of testimony of an individual named party to the suit.[2] We have nonetheless recognized that late designation may be excused in certain circumstances:

> [The exclusion] sanction was neither designed nor intended to punish a litigant who cannot, in the exercise of good faith and due diligence, respond to a discovery request in a timely manner.

*Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex.1989); *see also id.* at 647 (citing

*Johnson v. Gulf Coast Contracting Servs., Inc.*, 746 S.W.2d 327, 329 (Tex.App.—Beaumont 1988, writ denied)).

Because the witness was designated by Forman as soon as practicable after learning of his designation by Fina, we hold that the trial court abused its discretion in failing to find good cause. Forman presented no expert medical testimony at trial, although he introduced into evidence the records of his treating physicians. Based on our review of the record, we conclude the excluded evidence was not cumulative of the medical records; thus, the error was not harmless. Tex.R.App.P. 184(b).

Pursuant to Tex.R.App.P. 170, we grant the application for writ of error and, without hearing oral argument, the judgment of the court of appeals is reversed and this cause is remanded to the trial court for a new trial.

**1.** *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911 (Tex.1992); *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669 (Tex.1990); *Rainbo Baking Co. v. Stafford*, 787 S.W.2d 41 (Tex.1990); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex. 1989); *McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72 (Tex.1989); *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363 (Tex.1987); *Gutierrez v. Dallas Indep. Sch. Dist.*, 729 S.W.2d 691 (Tex.1987); *Yeldell v. Holiday Hills Retirement and Nursing Ctr., Inc.*, 701 S.W.2d 243 (Tex. 1985).

**2.** *See Smith v. Southwest Feed Yards*, 835 S.W.2d 89 (Tex.1992); *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160 (Tex.1992).