TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00282-CV






Adrian De La Rosa, Appellant




v.




Holland St. John and Victoria St. John, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 98-0309, HONORABLE HENRY J. STRAUSS, JUDGE PRESIDING







 Following a jury trial, the district court terminated the parent-child relationship
between appellant Adrian De La Rosa and his daughter. De La Rosa's daughter has been living
with the St. Johns, her great-uncle and great-aunt, for the last three and one-half years. (1) On
appeal, De La Rosa raises one issue contending that the district court erred in allowing one of the
St. Johns' witnesses to testify because the St. Johns did not timely supplement their discovery
response identifying the witness for trial. We will affirm the district court's order.


Background


 Twenty-five days before trial, while interviewing a listed witness, the attorney for
the St. Johns learned that Regina Salas St. John, the St. Johns' adopted daughter, had information
that would be useful at trial. The next day, Sunday, the attorney interviewed Regina, telephoned
opposing counsel and left a message that he wanted to supplement his witness list to include
Regina St. John. The parties had scheduled depositions for the following Friday, and the St.
Johns' attorney asked De La Rosa's attorney if he also wanted to depose Regina on Friday. On
Monday, the St. Johns moved to supplement and amend the interrogatory response listing their
possible trial witnesses to include Regina. On Friday, De La Rosa's attorney deposed Regina. 
The day before trial, the district court held a hearing to determine whether to allow Regina to
testify at trial.

 At the hearing, the St. Johns' attorney argued that good cause existed for the failure
to timely amend or supplement the witness list because he did not learn about Regina as a possible
witness until a few weeks before trial. The St. Johns argued that they amended their witness list
immediately and that it was impossible for them to supplement their witness list with Regina at
any time before they actually did so. The St. Johns' attorney explained that while interviewing
a designated witness he learned about two incidents involving improper sexual conduct by De La
Rosa toward Regina; one incident occurred when Regina was thirteen and the other when she was
fourteen. Regina had kept secret the two instances of De La Rosa's improper sexual conduct
toward her. She had previously discussed them with only one person. De La Rosa's attorney
conceded that he was not surprised by the addition of Regina to the St. Johns' witness list and that
he had deposed Regina. He did, however, object that allowing Regina to testify at trial would
prejudice his case.

 The district court overruled De La Rosa's objection and ruled that Regina could
testify at trial. Just before Regina testified at trial, De La Rosa once again objected that she
should not be allowed to testify because the St. Johns failed to supplement their witness list with
her name thirty days before trial and, while not a surprise, the failure to timely designate her as
a witness prejudiced his case. The district court overruled the objection and allowed Regina to
testify. During her testimony, Regina testified about De La Rosa's two incidents of improper
sexual conduct toward her.


Discussion


 At issue is the application of Texas Rule of Civil Procedure 193.6(a) which
provides that a party who fails to supplement a discovery response timely may not offer the
testimony of a witness not timely identified, unless the court finds that: (1) there was good cause
for the failure to timely supplement the discovery response to identify the witness; or (2) the
failure to timely supplement the discovery response and identify the witness will not unfairly
surprise or prejudice the other parties. See Tex. R. Civ. P. 193.6(a). The party seeking to call
the untimely designated witness bears the burden of establishing good cause, lack of surprise or
lack of unfair prejudice. See Tex. R. Civ. P. 193.6(b).

 The St. Johns agree that they failed to disclose timely to De La Rosa that Regina
would be a witness. They contend, however, that they presented to the district court good cause
for their failure to timely supplement their witness list.

 Rule 193.6 became effective January 1, 1999, and therefore was applicable to the
discovery process in this case. Had this case proceeded before January 1, 1999, Texas Rule of
Civil Procedure 215(5) would have applied to the issue presented. As in Rule 193.6, former Rule
215(5) provided a good cause exception for failing to timely supplement discovery. Additionally,
under Rule 215(5), the offering party had the burden to show good cause for failing to timely
supplement discovery. There are many cases interpreting the good cause exception under Rule
215(5) which we find persuasive.

 The good cause exception allows a trial court to excuse a failure to comply with
discovery in difficult or impossible circumstances. See Alvarado v. Farah Mfg. Co., 830 S.W.2d
911, 914 (Tex. 1992); Clark v. Trailways, Inc., 774 S.W.2d 644, 647 (Tex. 1989). The trial
court has discretion to determine whether the offering party has met its burden of showing good
cause to allow a witness to testify. See id.; Wal-Mart Stores, Inc. v. Tinsley, 998 S.W.2d 664,
671 (Tex. App.--Texarkana 1999, no pet. h.). The trial court, however, does not have discretion
to allow a witness to testify that is excluded by the rule without a showing of good cause. See
Alvarado, 830 S.W.2d at 914.

 The district court's ruling in this case does not expressly state that the St. Johns
demonstrated good cause for failing to supplement their witness list to include Regina. We hold,
however, that the district court implicitly found good cause. See Tinsley, 998 S.W.2d at 672
(citing Ramos v. Champlin Petroleum Co., 750 S.W.2d 873, 877 (Tex. App.--Corpus Christi
1988, writ denied)). The purpose of the hearing was to determine good cause; the St. Johns
assumed their burden of proof at the hearing, and the district court ruled in their favor. At the
hearing, the St. Johns explained that they only learned about Regina's possible testimony while
interviewing another identified witness twenty-five days before trial. The next day the St. Johns'
attorney interviewed Regina. The following day the St. Johns' attorney notified De La Rosa's
attorney about Regina and moved to supplement the witness list to include her. De La Rosa's
attorney deposed Regina eighteen days before trial.

 We hold that the situation in this case is the type of occurrence that the good cause
exception was designed to address. Because Regina kept the two instances of sexual conduct by
De La Rosa toward her secret--she had discussed them with one person only--it was impossible for
the St. Johns to anticipate her as a possible witness or the substance of her testimony. As soon
as the St. Johns' attorney learned about Regina's encounters with De La Rosa and her possible
testimony, he informed De La Rosa's attorney. Additionally, De La Rosa's attorney was able to
depose Regina eighteen days before trial. We conclude that the district court did not abuse its
discretion in finding that the St. Johns established good cause for failing to timely supplement
their witness list. De La Rosa admitted he was not surprised by Regina's testimony, only that it
prejudiced his case. Given the nature of Regina's testimony, any prejudice did not flow from the
week's delay in naming her but in the substance of the testimony itself. We overrule De La
Rosa's issue.

Conclusion


 We affirm the district court's order.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Do Not Publish

1.   The child's natural mother, her previously court-appointed managing conservator, submitted
a sworn affidavit relinquishing her parental rights to the child and requesting that the child be
adopted by the St. Johns.


rict court good cause
for their failure to timely supplement their witness list.

 Rule 193.6 became effective January 1, 1999, and therefore was applicable to the
discovery process in this case. Had this case proceeded before January 1, 1999, Texas Rule of
Civil Procedure 215(5) would have applied to the issue presented. As in Rule 193.6, former Rule
215(5) provided a good cause exception for failing to timely supplement discovery. Additionally,
under Rule 215(5), the offering party had the burden to show good cause for failing to timely
supplement discovery. There are many cases interpreting the good cause exception under Rule
215(5) which we find persuasive.

 The good cause exception allows a trial court to excuse a failure to comply with
discovery in difficult or impossible circumstances. See Alvarado v. Farah Mfg. Co., 830 S.W.2d
911, 914 (Tex. 1992); Clark v. Trailways, Inc., 774 S.W.2d 644, 647 (Tex. 1989). The trial
court has discretion to determine whether the offering party has met its burden of showing good
cause to allow a witness to testify. See id.; Wal-Mart Stores, Inc. v. Tinsley, 998 S.W.2d 664,
671 (Tex. App.--Texarkana 1999, no pet. h.). The trial court, however, does not have discretion
to allow a witness to testify that is excluded by the rule without a showing of good cause. See
Alvarado, 830 S.W.2d at 914.

 The district court's ruling in this case does not expressly state that the St. Johns
demonstrated good cause for failing to supplement their witness list to include Regina. We hold,
however, that the district court implicitly found good cause. See Tinsley, 998 S.W.2d at 672
(citing Ramos v. Champlin Petroleum Co., 750 S.W.2d 873, 877 (Tex. App.--Corpus Christi
1988, writ denied)). The purpose of the hearing was to determine good cause; the St. Johns
assumed their burden of proof at the hearing, and the district court ruled in their favor. At the
hearing, the St. Johns explained that they only learned about Regina's possible testimony while
interviewing another identified witness twenty-five days before trial. The next day the St. Johns'
attorney interviewed Regina. The following day the St. Johns' attorney notified De La Rosa's
attorney about Regina and moved to supplement the witness list to include her. De La Rosa's
attorney deposed Regina eighteen days before trial.

 We hold that the situation in this case is the type of occurrence that the good cause
exception was designed to address. Because Regina kept the two instances of sexual conduct by
De La Rosa toward her secret--she had discussed them with one person only--it was impossible for
the St. Johns to anticipate her as a possible witness or the substance of her testimony. As soon
as the St. Johns' attorney learned about Regina's encounters with De La Rosa and her possible
testimony, he informed De La Rosa's attorney. Additionally, De La Rosa's attorney was able to
depose Regina eighteen days before trial. We conclude that the district court did not abuse its
discretion in finding that the St. Johns established good cause for failing to timely supplement
their witness list. De La Rosa admitted he was not surprised by Regina's testimony, only that it
prejudiced his case. Given the nature of Regina's testimony, any prejudice did not flow from the
week's delay in naming her but in the substance of the testimony itself. We overrule De La
Rosa's issue.

Conclusion