NO.
12-05-00424-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT AT LAW

 

AND PROTECTION OF
D.D.        §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            D.D. appeals
from an order to administer psychoactive medication.  After a hearing without a jury, the trial
court entered an order authorizing the Texas Department of Mental Health and Mental
Retardation to administer psychoactive medication to D.D.  In two issues, D.D. asserts the trial court
erred in admitting certain evidence and the evidence is legally and factually
insufficient to support the order.  We
affirm.

 

Background

            On
July 5, 2005, the trial court entered an order for extended mental health
services.  On December 20, 2005, an
application for court ordered authorization for the administration of
psychoactive medication was filed.  The
application was prepared by a physician, Dr. Satyajeet Lahiri.  Dr. Lahiri diagnosed D.D. as suffering from
schizoaffective disorder.  The doctor
indicated that he believes D.D. lacks the capacity to make a decision regarding
administration of psychoactive medication because she is acutely psychotic with
persecutory delusions of being harmed. 
After hearing Dr. Lahiri’s testimony, the court entered an order to
administer psychoactive medication.

 

Admissibility
of Application

            In
her first issue, D.D. asserts the trial court committed reversible error by
admitting the application for court ordered medication.  She contends the evidence shows she
voluntarily took the medication and, therefore, the application falsely states
that she verbally refused to take the medication.  She argues that a false application should
not support the order to administer medication.

            In
order to preserve error for appellate review, a party must present to the trial
court a timely request, objection, or motion, state the specific grounds
therefor, and obtain a ruling.  Clark
v. Trailways, Inc., 774 S.W.2d 644, 647 (Tex. 1989).  By failing to object to evidence offered at
trial, a party waives any complaint about the admissibility of the
evidence.  See id.  When the application was offered into
evidence at the hearing, counsel for D.D. stated that he had no objection to
the application.  D.D. has waived this
complaint.  We overrule her first issue.

 

Psychoactive
Medication

            In
her second issue, D.D. asserts the evidence is neither legally nor factually
sufficient to support the order to administer psychoactive medication.  She contends that the State did not prove by
clear and convincing evidence that she lacks the capacity to make a decision
regarding the administration of psychoactive medicine.  She argues that the record does not show that
she did not have the ability to understand the nature and consequences of
taking medication.    

Applicable Law

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been
incredible.  Id. 

            In
addressing a factual sufficiency of the evidence challenge, we must consider
all the evidence in the record, both that in support of and contrary to the
trial court’s findings.  In re C.H.,
89 S.W.3d 17, 27-29 (Tex. 2002).  This
court must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing.  Id. at 25.  We must determine whether the evidence is
such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266. 
Appellate courts retain deference for the constitutional roles of the
factfinder.  In re C.H., 89
S.W.3d at 26.  The trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.  See id.
at 27; In re J.J.O., 131 S.W.2d 618, 632 (Tex. App.–Fort Worth
2004, no pet.).  

            The
court may enter an order authorizing the administration of psychoactive
medication if it finds by clear and convincing evidence that the patient is
under an order for temporary or extended mental health services, the patient
lacks the capacity to make a decision regarding the administration of the
proposed medication, and treatment with the proposed medication is in the best
interest of the patient.  Tex. Health & Safety Code Ann. §
574.106(a) (Vernon Supp. 2005).  In
determining that there is a need for psychoactive medication, the court is
required to consider the following:

 

            (1)           the
patient’s expressed preferences regarding treatment with psychoactive
medication;

 

                (2)           the patient’s religious beliefs;

 

                (3)           the risks and benefits, from the
perspective of the patient, of taking psychoactive medication;

 

                (4)           the consequences to the patient if
the psychoactive medication is not administered;

 

                (5)           the prognosis for the patient if the
patient is treated with psychoactive medication; 

 

                (6)           alternatives to treatment with
psychoactive medication; and

 

                (7)           less intrusive treatments likely to
secure the patient’s agreement to take the psychoactive medication.

 

 

Tex. Health 
& Safety Code Ann. §
574.106(b) (Vernon Supp. 2005).

Discussion

            Dr.
Lahiri testified that D.D. was, at the time of the hearing, under an order for
extended mental health services.  The
doctor testified that D.D. suffers from schizoaffective disorder.  He said D.D. has refused to accept
medications voluntarily and lacks the capacity to make an informed decision
regarding administration of psychoactive medication.  The requested medications are in the proper
course of treatment and are in D.D.’s best interests, the benefits outweigh the
risks, and her hospital stay would be shortened if medications are used.  

            On
cross examination, Dr. Lahiri said that D.D. is taking her medication, but she
does not have the capacity to consent. 
He explained that the issue of court ordered medication was overlooked
at the commitment hearing.  He filed the
application when the issue was brought to his attention.  The doctor testified that D.D. refuses to
sign a consent to take the medication, but she does take the medication.

            On
redirect, the doctor testified that she does not have the capacity to accept
medication.  On further cross
examination, he explained that D.D. is not capable of understanding the side
effects, risks, or benefits of the medications because her psychosis is so
acute.  She gets angry and does not
engage in rational conversation. 
Therefore, if a patient does not have the capacity to give consent, the
physicians do not give medications.  If a
patient has the capacity to consent, they give the medication if the patient
agrees to it. 

            Considering
all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that
D.D. lacked the capacity to make a decision regarding administration of the
proposed medication.  See In re
J.F.C., 96 S.W.3d at 266.  This
evidence satisfies the statutory requirement for clear and convincing evidence
in support of the order for administration of psychoactive medication.  See Tex.
Health & Safety Code Ann. § 574.106(a).  The evidence is legally sufficient to support
the trial court’s order.  See J.F.C.,
96 S.W.3d at 266.

            In
addressing D.D.’s factual sufficiency complaint, we consider all the evidence,
giving due consideration to evidence the factfinder could reasonably have found
to be clear and convincing.  In re
C.H., 89 S.W.3d at 25.  D.D.
presented no testimony at the hearing. 
Although D.D. did not refuse medication given to her, the doctor
believed that D.D. was not competent to make a decision about whether to take
or refuse medication.  The mere fact that
a patient will take medications offered does not indicate that patient has the
capacity to make a decision regarding the administration of medication.  In light of the entire record, the evidence
that the trial court could not have credited in favor of its findings is not so
significant that the trial court could not reasonably form a firm belief or
conviction that D.D. lacks the capacity to make a decision regarding the
administration of the proposed medication and that treatment with the proposed
medication is in his best interest.  See
id. Thus, the evidence is factually sufficient to support the trial
court’s findings.  See Tex. Health & Safety Code Ann. §
574.106(a).  Because we hold the evidence
is both legally and factually sufficient to support the trial court’s order, we
overrule D.D.’s second issue.

 

Conclusion

            D.D.
waived any complaint about the admissibility of the application for court
ordered medication.  The evidence is
legally and factually sufficient to support the trial court’s order for the
administration of psychoactive medication. 


            We
affirm the trial court’s order.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)