**Affirmed and Memorandum Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00440-CV

---

### ANITA LAVEN, Appellant

### V.

### THBN, LLC AND SEAN ARNOLD, INDIVIDUALLY AND AS TRUSTEE OF THE ANITA R. LAVEN 20334 DESERT WILLOW LAND TRUST, Appellees

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2011-53982**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Anita Laven, challenges the trial court's judgment (1) declaring that certain documents comprising a real-estate transaction between Laven and appellees, THBN, LLC ("THBN") and Sean Arnold, Individually and as Trustee of the Anita R. Laven 20334 Desert Willow Land Trust, are valid and enforceable, and (2) denying relief on Laven's counterclaims. In three issues, Laven contends

the trial court erred by enforcing a contractual jury waiver and finding there was no fiduciary relationship between Laven and Arnold. We affirm.

## I. BACKGROUND

Appellee THBN is in the real estate investment business, and appellee Arnold is an owner of THBN. The evidence presented at trial reflected that, in March 2005, after an initial meeting with Arnold, Laven agreed to enter into a transaction with appellees consistent with THBN's business model. In particular, like THBN's typical clientele, Laven anticipated difficulty making mortgage payments on her recently-purchased suburban home. She had been unsuccessful at selling the home because its value was in a range that typically competed in the market with newer, more valuable homes and she lacked equity in the home. At a closing, the parties contemporaneously executed multiple documents which accomplished the following: created the Anita R. Laven 20334 Desert Willow Land Trust with Arnold as trustee and Laven as beneficiary; transferred the home into the trust, subject to the existing mortgage; assigned Laven's interest in the trust to THBN; and gave Arnold power of attorney relative to the property.

The evidence further reflects the transaction was beneficial to all parties. Specifically, although the mortgage would remain in Laven's name after she transferred ownership of the property, THBN agreed to make all monthly mortgage payments. Thus, Laven's credit rating would be preserved, or even enhanced, instead of showing a foreclosure. THBN would lease out the home and wait for the market to appreciate and equity to build. The goal was that the home would eventually be sold, thereby releasing Laven from the debt and netting the equity to THBN.

For six years after the transaction was consummated, the parties had no further communications. During that period, THBN timely made all monthly

mortgage payments, maintained the home, and leased it to various tenants. Then, in 2011, an attorney retained by Laven wrote to appellees, accusing them of fraud and violations of civil and criminal statutes and purporting to rescind the transaction. In essence, Laven claims that Arnold induced her to sign documents she reviewed only briefly and did not understand, Arnold represented the mortgage would no longer be in Laven's name after the transaction, and she discovered the contrary when reviewing the documents in 2011. At trial, her primary complaint apparently was that the home had not yet been sold and thus the mortgage remained on her credit report. In contrast, Arnold testified that he and Laven spoke extensively at their initial meeting and the subsequent closing about the documents to be executed and he explained to her that the existing loan would remain on her credit report until the property was sold.

In December 2011, THBN and Arnold, both individually and as trustee, filed suit requesting a declaratory judgment that the documents are valid and enforceable. Laven filed a counterclaim, alleging fraud, breach of fiduciary duty, negligence and gross negligence, violations of the Texas Deceptive Trade Practice Act and Texas Real Estate Licensing Act, conspiracy, and conversion. Laven requested a declaratory judgment that the transaction was not effective and she holds title to the property, rescission of the documents constituting the transaction, disgorgement of benefits received by appellees, an accounting of the trust assets, removal of Arnold as trustee, and actual and exemplary damages. Laven also relied on her counterclaims as defenses to appellees' request for a declaratory judgment.

Laven timely filed a jury demand. Arnold moved to strike the demand on the ground that Laven contractually waived her right to a jury trial. The trial court signed an order striking the jury demand as to the entire case. Therefore, trial was

to the bench. After hearing evidence, the trial court signed a judgment, declaring the documents are valid and enforceable and awarding attorney's fees to appellees. The trial court also denied relief on Laven's counterclaims.

The trial court issued findings of fact and conclusions of law. In summary, the trial court found (1) no fiduciary relationship existed between Laven and THBN or anyone associated with it, (2) there was no fraud or duress that would void the transaction, and (3) Laven's counterclaims were barred by laches. Laven timely filed a motion for new trial, which was overruled by operation of law.

## II. ANALYSIS

On appeal, Laven challenges only the trial court's enforcement of the contractual jury waiver and its finding that there was no fiduciary relationship between Laven and Arnold.

### A.    Enforcement of Contractual Jury Waiver

Parties may contractually agree to waive their constitutional right to a jury trial. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 132 (Tex. 2004). A contractual jury waiver is enforceable as long as the waiver is voluntary, knowing, and made with full awareness of the legal consequences. *Id.*

The provision on which appellees relied as a contractual jury waiver is contained in only one of the documents executed during the transaction, entitled "Agreement and Declaration of Trust," which created the trust and appointed Arnold as trustee and Laven as original beneficiary. Only Laven and Arnold, as trustee, signed that document. It was executed immediately before other pertinent documents transferring Laven's interest in the trust to THBN and transferring the property into the trust. The following language is included within a section of the

4

"Agreement and Declaration of Trust" entitled "Governing Law": "The parties herein waive trial by jury . . . ."

Laven does not contend that this provision failed to encompass her dispute with Arnold, as trustee, if the jury waiver was otherwise enforceable. Rather, in her appellate issues, Laven contends (1) the trial court erred by striking the jury demand as to THBN and Arnold individually because they were not signatories to the "Agreement and Declaration of Trust," and (2) the jury waiver was unenforceable as to all appellees because Laven was not fully aware of its legal consequences when she signed the "Agreement and Declaration of Trust." In support of her second issue, Laven argues she was a teacher at the time of the transaction (although she subsequently became a lawyer), there was a disparity in bargaining power, she was not given the opportunity to negotiate terms or consult counsel, and the jury waiver was inconspicuous. We conclude Laven failed to preserve error on her appellate complaints because she did not present them to the trial court.[1]

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the complaint and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, even a constitutional argument must have been asserted in the trial court in order to be

---

[1] It is unclear whether Laven seeks a jury trial on only her request for damages or also on both parties' requests for declaratory and equitable relief. Her counterclaims (for fraud and breach of fiduciary duty) formed the basis for her request for damages, as well as her request for declaratory and equitable relief, and her defenses to appellees' requests for declaratory and equitable relief. *See Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex. 1999) (recognizing that whether to grant equitable relief lies with the trial court but underlying fact issues are submitted to a jury). Regardless, we need not determine the extent of the relief sought by Laven on appeal because we conclude she failed to preserve error on her appellate challenges to enforcement of the jury waiver.

5

raised on appeal. *See Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001).

As Laven points out in her first issue, Arnold was the only party expressly shown as a movant on the motion to strike the jury demand. However, Arnold requested the jury demand be stricken as to the entire case. Arnold asserted that Laven's claim that Arnold, as trustee, breached fiduciary duties was central to the entire litigation because it formed the basis for Laven's attack on the validity of the transaction and the alleged fiduciary duties arose from the document containing the jury waiver.

Laven responded to the motion to strike as though it was filed by all appellees and applicable to the entire case; she repeatedly referred to the motion as filed by "Plaintiffs"—in the plural. Laven never complained in her response that the motion was filed only by Arnold or that the jury waiver was inapplicable to the dispute between her and THBN or Arnold individually. Rather, Laven opposed enforcement of the jury waiver solely on the ground that appellees waited too long after Laven made the jury demand to file the motion to strike.

For error to have been preserved, the appellate complaint must comport with the complaint in the trial court. *See In re S.A.G.*, 403 S.W.3d 907, 913 (Tex. App.—Texarkana 2013, pet. denied); *Johnson v. Evans*, No. 14–08–00610–CV, 2010 WL 431293, at *6 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, no pet.) (mem. op.); *Knox v. Taylor*, 992 S.W.2d 40, 65 (Tex. App.—Houston [14th Dist.] 1999, no pet.). In addition, the request, objection, or motion in the trial court must be sufficiently specific to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See* Tex. R. App. P. 33.1(a); *Ortega v. CACH, LLC*, 396 S.W.3d 622, 628 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In her response, Laven did make a specific objection, but it was

distinctly different than the complaint she raises on appeal. The objection did not in any manner inform the trial court that Laven opposed enforcement of the jury waiver because it was applicable to Arnold as trustee only, nor was such a complaint apparent from the context.

When the trial court granted the motion and ordered that the entire case proceed to a bench trial, Laven did not request the trial court to reconsider, or otherwise object, on the ground the jury waiver was unenforceable as to THBN and Arnold individually. Further, at no other time before the bench trial commenced did Laven make such an objection, assuming without deciding such objection would have been timely. Instead, Laven first advanced such complaint in her motion for new trial. We conclude that her presenting this new ground to attack enforcement of the contractual jury waiver after the trial court had conducted a bench trial was not a timely objection.

The rules requiring timely objections are designed to allow a trial court to correct any errors made during the course of the proceedings. *Clark v. Trailways*, Inc., 774 S.W.2d 644, 647 (Tex. 1989). "The requirement to object timely encompasses not only the objection itself but also all grounds allegedly supporting it. Both the objection and all legal bases for it must be timely asserted." *Dumler v. Quality Work by Davidson*, No. 14-06-00536-CV, 2008 WL 89961, at *4 (Tex. App.—Houston [14th Dist.] Jan. 10, 2008, no pet.) (mem. op.). An objection is considered timely when it is asserted at the earliest opportunity or interposed at a point in the proceedings in which the trial court has an opportunity to cure any alleged error. *Id.* "Raising the objection and grounds for the first time in a motion for new trial does not satisfy the contemporaneous objection rule if the complaint could have been urged earlier." *Id.* at *4–5 (citing *St. Paul Surplus Lines, Co. v. Dal–Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex. 1998), and holding objection

7

presented for the first time in motion for new trial complaining that trial court conducted trial intermittently over lengthy period was not timely); *see, e.g.*, *Clark*, 774 S.W.2d at 647 (requiring party to object that witness was not disclosed when the testimony is proffered); *Daily v. Wheat*, 681 S.W.2d 747, 758 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding appellant waived constitutional challenge to six-person jury limitation by not presenting complaint until motion for new trial); *see also Brown v. Pittsburgh Corning Corp.*, 909 S.W.2d 101, 104 (Tex. App.—Houston [14th Dist.] 1995, writ denied) ("A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error.").

Laven could have urged her appellate complaint in response to the motion to strike the jury demand or at least before the bench trial commenced. The fact that the jury waiver is contained in only one of the documents comprising the transaction is clear from reviewing the documents—which Laven had previously attached to her own counterclaim. By failing to present her appellate complaint before commencement of the bench trial, Laven did not provide the trial court with an opportunity to correct any error; i.e., to conduct a jury trial instead. *See Clark*, 774 S.W.2d at 647; *Dumler*, 2008 WL 89961, at *4.

With respect to Laven's second issue, Texas law does not impose a presumption against contractual jury waivers; therefore, the party seeking enforcement does not bear the burden to prove that the opposing party agreed to waive its constitutional right to a jury trial knowingly, voluntarily, and with full awareness of the legal consequences. *See In re Bank of Am., N.A.*, 278 S.W.3d 342, 343–46 (Tex. 2009). A conspicuous jury waiver in an agreement shifts the burden to the opposing party to rebut that the waiver was made voluntarily,

knowingly, and with full awareness of the legal consequences. *See id.*; *In re Guggenheim Corp. Funding, LLC*, 380 S.W.3d 879, 884–85 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding [mand. dism'd]); *In re Key Equip. Fin. Inc.*, 371 S.W.3d 296, 301–02 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding).

In response to the motion to strike, Laven did not assert the jury waiver was inconspicuous and thus that appellees failed to meet their burden to enforce the provision. *See Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665–66 & n.1 (Tex. App.—Dallas 2012, pet. denied) (holding contractual jury waiver was sufficiently conspicuous that burden shifted to party opposing enforcement to prove it was not knowing and voluntary but also suggesting opposing party was required to raise argument that it was inconspicuous in trial court to preserve error). Moreover, Laven failed to complain in her response that the jury waiver was not knowing or voluntary and she did not understand its legal effects, much less present evidence supporting such a contention. As stated above, the only ground on which Laven opposed enforcement of the jury waiver was the timing of the motion to strike.

Again, Laven failed to otherwise complain before commencement of the bench trial that the provision was inconspicuous, or that the jury waiver was not knowing, or voluntary, or made with full awareness of the legal consequences. She first raised these contentions in her motion for new trial and relied on her trial testimony to support her assertion that the jury waiver was not knowing and voluntary and that she did not understand its legal effects. We note this testimony was directed to attacking the transaction as a whole relative to the merits of the dispute and not specifically the jury waiver. Regardless, we conclude that her first presenting evidence to defeat enforcement of the contractual jury waiver after the

bench trial commenced or first presenting the complaint in her motion for new trial were not timely.

Laven could have also urged these appellate complaints before the bench trial commenced. The contention that the jury waiver is not conspicuous, if correct, would be clear from reviewing the document containing the provision. And, the contention that the jury waiver was not executed knowingly, voluntarily, and with an understanding of the legal effects would be a matter within Laven's own knowledge—thus, one on which she could have offered evidence in response to the motion to strike or at least before the bench trial commenced. Again, Laven did not assert these complaints when the trial court had the opportunity to correct any error; i.e., conduct a jury trial. *See Clark*, 774 S.W.2d at 647; *Dumler*, 2008 WL 89961, at *4.

In summary, because Laven did not preserve error on her appellate challenges to enforcement of the jury waiver, we overrule her first two issues.

## B.    Finding of No Fiduciary Relationship

In her third issue, Laven contends the evidence is legally insufficient to support the trial court's finding that Arnold and Laven did not have a fiduciary relationship. Laven argues the "Agreement and Declaration of Trust" imposed fiduciary duties on Arnold, as Laven's trustee, during the brief period before Laven assigned her interest in the trust to THBN. Laven argues Arnold breached his fiduciary duties by persuading Laven to assign such interest to THBN and otherwise proceed with the transaction. As noted above, Laven relied on her counterclaim for breach of fiduciary duties to seek damages and declaratory and equitable relief and to oppose appellees' request for a declaratory judgment that the transaction is valid and enforceable.

10

We agree with appellees that we need not consider Laven's contention because she fails to challenge all other grounds on which the trial court rejected Laven's counterclaims, including its finding that the counterclaims were barred by laches. When a separate and independent ground that supports the trial court's judgment is not challenged on appeal, we must affirm the judgment. *See Melartin v. CR & R, Inc.*, No. 14–05–00519–CV, 2009 WL 972484, at *4 (Tex. App.—Houston [14th Dist.] Mar. 24, 2009, no pet.) (mem. op.).[2]

In her appellate reply brief, Laven maintains that she did challenge the laches ground in her original brief. Laven mentions laches briefly at one point in the argument portion of her original brief but under the section challenging enforcement of the jury waiver:

> Laven did not even have a copy of the fully executed contract documents until THBN and Arnold produced those documents at the request of Laven's counsel several years after execution of the transaction. That fact would bear significantly upon the question of laches. And the trial court erroneously denied Laven her right to have a jury determine the facts relevant to the question of laches.

(internal citations omitted).

Laven does not make this assertion in order to attack the merits of the trial court's finding on laches. She does not cite any authority on laches or argue that the one fact mentioned in the above-quoted paragraph would defeat application of the laches doctrine. Instead, she mentions laches when arguing that it was one of the issues on which she was purportedly entitled to a jury trial. She cites the one fact in the above-quoted paragraph as an example of evidence that might pertain to

---

[2] Again, it is unclear whether Laven seeks a new trial on only her counterclaim for damages for breach of fiduciary duties or also on the parties' requests for declaratory and equitable relief. We need not decide what relief is sought on appeal because, based on Laven's failure to challenge the other grounds on which the trial court rejected Laven's counterclaims, we must uphold the judgment.

the issue of laches if she were allowed a jury trial.  In fact, in her reply brief, Laven acknowledges her only attack on the laches finding is her contention that the issue should have been submitted to a jury—the contention on which she failed to preserve error.  Because Laven cannot show that the trial court erred by conducting a bench trial on her counterclaims, she is required to attack all separate and independent grounds supporting the merits of the trial court's denial of her counterclaims.  *See id.*  Accordingly, because she fails to attack the laches ground on the merits, we overrule her second issue.

We affirm the trial court's judgment.


/s/    John Donovan
Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

12